George **BURGIN**, Appellant,

v.

**STATE of Missouri, Respondent.**

No. KCD 26813.

Missouri Court of Appeals,
Kansas City District.

March 31, 1975.

Willard B. Bunch, Public Defender, Douglas N. Merritt, Asst. Public Defender, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Sp. Asst. Atty. Gen., St. Louis, for respondent.

Before WASSERSTROM, P. J., and SHANGLER and DIXON, JJ.

DIXON, Judge.

Movant pleaded guilty to a charge of assault with intent to kill with malice and was sentenced to fifteen years imprisonment. He filed this motion under Rule 27.26, V.A.M.R., to vacate that sentence. The court below denied relief without holding an evidentiary hearing. The single issue presented on this record is the propriety of the denial of the evidentiary hearing, and upon that issue, the cause must be reversed.

At the time the movant pleaded guilty, he was twenty years old and had an elementary grade education. The movant testified at the time he pleaded guilty that the victim of his assault owed him some money. He said that both he and his victim were "high off some dope" at the time of the assault. The movant said that when the victim refused to pay the movant the debt, the movant replied, "Okay, we will just fight." The movant said that he knocked the victim down three times. He said that after the victim fell to his knees he began

to kick him "a lot of times." The assault was stopped after some people pulled the movant away from the victim. The movant said that when the people pulled the movant away from the victim they said, "let him go before you kill him, George."

■ Movant pleaded in his motion that he had been promised a sentence of two years by his court-appointed counsel and that he entered his plea in reliance upon that promise. Standing alone, this allegation would not require reversal of the trial court's order denying an evidentiary hearing. The plea proceedings are a part of the record, and the movant answered negatively when the trial court asked if any promise had been made. Smith v. State, 513 S.W.2d 407 (Mo.banc 1974); Hogshooter v. State, 514 S.W.2d 109 (Mo. App.1974).

■ The motion, however, further pleads in connection with the promise of a two-year sentence as follows:

'Movant discussed this with his counsel fully, and counsel told movant to say 'no' when the court asked whether any deal had been made or movant would not get the two year sentence."

This further allegation, if true, would taint the voluntary nature of the plea. The withholding from the trial judge of a promise made destroys the purpose prompting the inquiry by the court. The question by the trial court relating to a "promise" is intended to determine that the plea is not "involuntary" in the sense that a "promise" by anyone other than the judge is not binding on the court and that the defendant is not misled by a "promise" of a certain sentence not within the power of the promissor to perform. As it is sometimes put, the defendant is either entitled to the benefit of the promise or he should not be held to his part of the "bargain" and should be permitted to withdraw his plea. Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971); State v. Rose, 440 S.W.2d 441 (Mo.1969). No implication is intended as to the truth of the allegations made. The issue on bare pleadings is, if true, would such facts entitle him to relief.

■ The Supreme Court en banc has stated the rule of review of the denial of an evidentiary hearing in *Smith* as follows:

". . . A 27.26 movant, in order to be entitled to an evidentiary hearing, must plead *facts* not conclusions, which, if true, would entitle him to relief and must show that such factual allegations are not refuted by facts elicited at the guilty plea hearing."

Under that rule, this movant has stated facts which, *if true,* would entitle him to relief.

The cause is reversed and remanded to the circuit court for the purpose of holding an evidentiary hearing on this issue and a determination upon that hearing of the factual issue, by appropriate findings of fact and conclusions of law.

All concur.