Russell Leroy MAINORD, Appellant,

v.

STATE of Missouri, Respondent.

No. 37462.

Missouri Court of Appeals,
St. Louis District,
Division One.

Sept. 21, 1976.

O. J. Gibson, Jr., Downs, Johnson & Gibson, Cape Girardeau, for appellant.

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Sp. Asst. Atty. Gen., St. Louis, for respondent.

McMILLIAN, Judge.

This is an appeal from a denial by the circuit court of Cape Girardeau County of an evidentiary hearing on a Rule 27.26 motion to vacate, correct or set aside a sentence.

At the guilty plea proceedings the trial judge extensively questioned the appellant as to his understanding of the nature of the charges against him, the range of punishment for such charges and the fact that by pleading guilty he was waiving certain constitutional rights. Appellant unequivocally asserted understanding these items.

Appellant testified that neither he nor his attorney engaged in any plea bargaining and that no promises of a lesser sentence or probation had been promised to him by anyone. The defense attorney and the prosecutor also denied the occurrence of any plea bargaining. Upon further questioning, this statement was clarified to indicate that a deputy prosecutor had indicated an intention to make a recommendation to the prosecutor but that the prosecutor had decided not to make a recommendation to the judge.

Finally, appellant submitted a signed petition to enter a plea of guilty which included the movant's statement that he understood any promises made to him by the prosecutor or his attorney were not binding on the sentencing judge. The trial judge had orally informed appellant of this fact at the plea proceedings. After acceptance of the plea, appellant was sentenced to terms of eight (8) and five (5) years to run concurrently.

Appellant's motion to vacate his guilty plea was premised on his allegation that the plea was induced by a promise that he would receive a five year sentence. Appellant asserts that he was instructed by his attorney to tell the court that no such deal was made. The trial court's findings of fact and conclusions of law held that movant's allegations were refuted by facts disclosed by the record of the plea proceedings. We affirm.

 To justify the grant of an evidentiary hearing, the appellant must—

". . . plead *facts*, not conclusions, which, if true, would entitle him to relief and must show that such factual allegations are not refuted by facts elicited at the guilty plea hearing."

*Smith v. State*, 513 S.W.2d 407, 411 (Mo. banc 1974). In the present case, the fact pleaded is that appellant was told by his attorney to lie when asked if any promises had been made. In our judgment this fact, even if proven, would not entitle appellant to relief. Essentially, the allegation is that the plea was entered in reliance upon plea bargaining that occurred before the guilty plea proceedings. The transcript of the plea proceedings, however, reveals that both the prosecutor and the defense attorney expressly denied the occurrence of any plea bargaining. More importantly, the trial court twice alerted the appellant to the

fact that any promises which might have been made were not in any way binding on the court. Even if backroom promises had been made to the appellant, we are convinced that the questioning and statements by the trial judge thoroughly advised the appellant that all deals were no longer effective. Nevertheless, the appellant expressly rejected two opportunities to withdraw his plea. On the record before us, the appellant having been made fully aware of the consequences of his plea, we cannot label as clearly erroneous, the finding that the plea was voluntary.

Appellant's brief places great reliance on the decision in *Burgin v. State,* 522 S.W.2d 159 (Mo.App.1975). In *Burgin,* the movant pleaded that he had been told by his attorney to lie to the trial judge when asked if any promises had been made. The appellate court ordered an evidentiary hearing on the basis that this allegation "if true, would taint the voluntary nature of the plea," *Id.* at 160. The decision, however, seems distinguishable from the present case. In *Burgin,* the court noted:

" . . . The question by the trial court relating to a 'promise' is intended to determine that the plea is not 'involuntary' in the sense that a 'promise' by anyone other than the judge is not binding on the court and that the defendant is not misled by a 'promise' of a certain sentence not within the power of the promissor to perform. . . ." (*Id.* at 160)

This language suggests that the trial judge did not clearly inform the defendant that any promises made were not binding on the trial court. In the present case, the trial court painstakingly informed the appellant of this fact.

The finding of the trial court is not clearly erroneous; therefore, we affirm.

WEIER, P. J. and RENDLEN, J., concur.