**John E. GIGGAR, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. KCD 28584.**

Missouri Court of Appeals,
Kansas City District.

Jan. 31, 1977.

Motion for Rehearing and/or Transfer
Denied Feb. 28, 1977.

Application to Transfer Denied
April 11, 1977.

James M. Leu, Pickering, Larry L. Zahnd, Maryville, for movant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for respondent.

Before SWOFFORD, P. J., PRITCHARD, C. J., and DIXON, J.

DIXON, Judge.

John E. Giggar, movant-appellant, is a 70-year-old, hard-of-hearing man who pleaded guilty to the crime of incest. He appeals a denial of a Rule 27.26 motion to vacate his sentence of four years in the Department of Corrections.

The only issue to be decided is whether appellant's motion raised any issue of fact requiring an evidentiary hearing. Among the allegations of the discursive and rambling motion is the allegation that the movant's lawyer informed him to tell the court

that no deals had been made despite what movant claims was a promise of a two-year sentence and probation.

This appeal is directly controlled by the decision of this court in the case of *Burgin v. State,* 522 S.W.2d 159 (Mo.App.1975). In *Burgin,* movant was possessed of an elementary grade education and pleaded guilty to a charge of assault with intent to kill with malice. At the time he entered his guilty plea, he related to the court facts which showed him guilty of the offense. He answered negatively when asked if any promises had been made to him. The court accepted his guilty plea and sentenced him to fifteen years imprisonment. His 27.26 motion alleged that he had been promised a sentence of two years and that counsel told him to say "no" when the court asked whether any deal had been made. The trial court denied the 27.26 motion without an evidentiary hearing; and, on appeal, this court reversed and remanded the cause, holding that this latter allegation that counsel had told movant to deny that any promises had been made would, if true, taint the voluntary nature of the plea. Since, if true, such an allegation would entitle movant to relief, he was entitled to an evidentiary hearing on the matter.

The controlling facts of *Burgin* are almost indistinguishable from the facts of the present case. Here, as in *Burgin,* movant was possessed of an elementary school education and admitted that he was guilty of the crime charged. He denied that any promises or threats had been made to him to get him to plead guilty. However, as did the motion in *Burgin,* his 27.26 motion alleged that he had been guaranteed a two-year sentence with probation and had been told by his counsel to deny that any deals had been made. This latter allegation is not refuted by the record made at the time the guilty plea was entered and accepted. On the authority of *Burgin,* appellant's motion alleged facts which, if true, would be grounds for relief, and the trial court should have accorded movant an evidentiary hearing.

The State urges this court to reconsider *Burgin.* It contends that *Burgin* allows a movant to circumvent the rule laid down in *Smith v. State,* 513 S.W.2d 407 (Mo. banc 1974),[1] by merely alleging in his 27.26 motion that his attorney told him to lie to the court when asked if a deal had been made.

*Burgin* opens no such avenue of circumvention. The ultimate effect of *Burgin* on the rule that an evidentiary hearing need not be held if the motion does not plead facts which are not refuted by facts adduced at the guilty plea proceeding is merely to require the trial court to foreclose the issue at the guilty plea proceeding. A straightforward query concerning any suggestion or direction as to the answers being made in the proceeding will serve to directly refute the claim by the record made at the guilty plea proceeding, and, under the *Smith* rule, no evidentiary hearing would be required.

Because movant alleged in his 27.26 motion facts which, if true, would entitle him to relief, it was error for the trial court to deny the motion without an evidentiary hearing. The cause is reversed and remanded to the circuit court for the purpose of holding an evidentiary hearing.

All concur.

---

1. The rule of *Smith* is that a 27.26 movant, in order to be entitled to an evidentiary hearing, must plead facts, not conclusions, which, if true, would entitle him to relief, and must show that such factual allegations are not refuted by the facts elicited at the guilty plea hearing.