**William Bennett BEAVER, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 38345.**

Missouri Court of Appeals, St. Louis District, Division One.

April 19, 1977.

Motion for Rehearing or Transfer Denied June 9, 1977.

Application to Transfer Denied July 11, 1977.

Robert C. Babione, Public Defender, Blair K. Drazic, Asst. Public Defender, St. Louis, for movant-appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Philip M. Koppe, Asst. Attys. Gen., Jefferson City, for respondent.

DOWD, Judge.

This is an appeal from the denial, without an evidentiary hearing, of defendant's motion to vacate a conviction based on a plea of guilty to second degree burglary.

At the proceeding of October 10, 1975, defendant received three sentences. On a conviction by a jury trial of attempted second degree burglary, defendant was sentenced to five years' imprisonment. His subsequent pleas of guilty to stealing over $50 and to second degree burglary each resulted in a two year sentence. The two year sentences were to run concurrently with each other, and consecutive to the five year sentence previously imposed. In imposing these sentences following defendant's guilty pleas, the court adopted the State's recommendations.

Before accepting each of defendant's guilty pleas, the court questioned him at length regarding his understanding of their consequences, and his voluntariness in entering them. Defendant responded that he understood the various rights associated with his right to trial, that he was in fact guilty of the offenses charged, that no promises or threats were made to induce his pleas, that he was aware of the possible length of the sentences and understood the difference between concurrent and consecutive sentences, and that he knew what sentences the State recommended and understood that the court was not bound by them.

Defendant alleged in his motion to vacate first, that he received ineffective assistance of counsel since counsel falsely promised that, if defendant pleaded guilty to the burglary charge, he would receive a two year sentence to run concurrently with the

five year sentence, when in fact the sentence was imposed to run consecutive to the other, and secondly, that his guilty plea was not voluntary, since it was induced by counsel's promise. The reason for basing the motion on the burglary charge only and not also the stealing charge, which resulted in an identical sentence, is not apparent.

Among facts listed in support of his motion was defendant's allegation that counsel instructed him to answer, when asked by the court whether any promises or threats had been made, that there had not.

■■■ The only issue before this court is whether or not defendant's motion warranted a hearing. To do so, the motion "must plead facts, not conclusions, which, if true, would entitle him to relief and must show that such factual allegations are not refuted by facts elicited at the guilty plea hearing." *Smith v. State,* 513 S.W.2d 407, 411 (Mo. banc 1974). In examining the motion, we look only to the issue of voluntariness, since once a plea of guilty is entered, the adequacy of counsel's representation is reviewable only to the extent that it affects the voluntariness and understanding with which the plea was made. *Matthews v. State,* 501 S.W.2d 44, 47 (Mo.1973); *Floyd v. State,* 518 S.W.2d 700, 703 (Mo.App.1975).

Defendant argues that the holding in *Burgin v. State,* 522 S.W.2d 159 (Mo.App. 1975), requires us to reverse. In that case a defendant who was convicted on a guilty plea alleged in his post conviction motion that his counsel had promised him a two year sentence in exchange for the plea, and that he told defendant to answer "no" when the court asked whether a deal had been made. By reason of the further allegation that that statement was a lie, however, the record no longer refuted defendant's first allegation.

"This further allegation, if true, would taint the voluntary nature of the plea. The withholding from the trial judge of a promise made destroys the purpose prompting the inquiry by the court. The question by the trial court relating to a 'promise' is intended to determine that the plea is not 'involuntary' in the sense

that a 'promise' by anyone other than the judge is not binding on the court and that the defendant is not misled by a 'promise' of a certain sentence not within the power of the promisor to perform." 522 S.W.2d at 160.

The cause was remanded to the circuit court for an evidentiary hearing.

Allegations in the post conviction motion examined in *Mainord v. State,* 541 S.W.2d 779 (Mo.App.1976), were similar to those in *Burgin,* but denial of the motion without an evidentiary hearing was affirmed. This court found that the language in *Burgin* regarding the purpose of the court's questions about promises, which was to prevent defendant from being misled, suggested that the court had failed to inform defendant clearly that it was not bound by promises. Defendant Mainord, however, had been informed by the court during the plea proceeding that the court was not bound by any promises of the prosecutor or defendant's counsel, and defendant had acknowledged that fact in his signed petition to enter a guilty plea. The prosecutor and defense attorney also testified that no plea bargaining had occurred. This court concluded that, even if "backroom promises" had been made, the sentencing court had by its painstaking questioning thoroughly informed defendant that any deals were no longer in force. On this basis the court held that defendant's allegation that he was instructed to lie was refuted by the record made at the plea proceeding.

Before accepting defendant's plea of guilty to the second degree burglary charge in this case, the court made no general statement to the effect that it was not bound by any promises which may have been made to defendant. The court made clear to defendant that it was not bound to impose the state's recommended sentence, but this was the sentence actually imposed, and not that which defendant alleges he was promised by his attorney.

■■ The court did, however, advise defendant that defendant could receive a concurrent or consecutive sentence and that the choice rested with the court:

"THE COURT: Do you understand that by pleading guilty to the charge of burglary, you can be sent to the Department of Corrections from anywhere from two to ten years?

MR. BEAVER: Yes, sir.

THE COURT: And that that sentence can be made to be served at the same time as the other sentence you've received or after those sentences, depending on what I think is the right thing to do? Do you understand that?

MR. BEAVER: Yes, sir."

We believe that this statement by the court sufficiently informed defendant that the court reserved the decision regarding whether a sentence should run concurrently or consecutively, and thus was not bound by any arrangements made by others. It was about this very aspect of his two year sentence that defendant alleged the promise had been made. We find that defendant's allegation that his attorney told him to lie is refuted by this portion of the record, and that he is therefore not entitled to an evidentiary hearing. *Mainord v. State*, 541 S.W.2d at 781.

The judgment is affirmed.

CLEMENS, P. J., and SMITH, J., concur.