John J. BOLIN, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 10417.

Missouri Court of Appeals,
Springfield District.

May 13, 1977.

James R. Purcell, Hyde, Purcell, Wilhoit & Edmundson, Poplar Bluff, for movant-appellant.

John Ashcroft, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for respondent.

BILLINGS, Chief Judge.

Appellant John J. Bolin, serving a six-year sentence for felonious assault, filed a postconviction motion under Rule 27.26, V.A.M.R., in the Circuit Court of Butler County. The trial court, without holding an evidentiary hearing, denied appellant's motion and this appeal followed. We affirm.

Appellant had been charged in a two-count information with escaping jail and felonious assault upon a deputy sheriff in connection with his and Eddy Lee Orr's jail escape. The transcript of the proceedings shows that on the date appellant pleaded guilty to the assault charge he appeared with his two attorneys, Mr. Hearne and Mr. Bloodworth. The state dismissed the escape charge and the trial court fully complied with Rule 25.04, V.A.M.R., before accepting the appellant's plea to the assault charge.

The prosecuting attorney informed the court that during the jail escape the appellant used a home-made knife and Orr obtained the deputy's gun before the officer was locked in a jail cell. The prosecutor pointed out that Orr had threatened serious harm to the deputy and that appellant had helped avoid such action. On behalf of appellant, Mr. Bloodworth repeated the fact that appellant's actions had helped prevent serious bodily harm to the deputy and asked the court to consider this in passing sentence.

The judge asked appellant whether the prosecutor's statement of what had happened in the jail was true and the appellant replied "Yes, sir." The appellant told the judge he did not have any additions to or changes in the prosecutor's account of the events leading to the charge. The state recommended a six-year sentence. The court found the appellant's plea was voluntarily entered and accepted it. The appellant was afforded allocution and sentence was imposed and judgment entered.

In his Rule 27.26 motion the appellant did not allege that his guilty plea was involuntary. His single ground for relief is that he was denied effective assistance of counsel "at trial" because Mr. Hearne did not contact or interview Orr and the deputy sheriff to confirm that Orr, not appellant, committed the assault and that appellant was instrumental in preventing Orr from killing the deputy sheriff.

Appellant contends the trial court erred in summarily ruling his Rule 27.26 motion and avers an evidentiary hearing was required because of the "substantial issues of fact" set forth in his motion. We disagree.

As earlier noted, appellant's motion neither attacks the voluntariness of his guilty plea nor questions the court's acceptance of his plea. His guilty plea, voluntarily and understandingly made, is conclusive as to guilt and waives nonjurisdictional defects in prior proceedings. *State v. Brown,* 449 S.W.2d 664, 666 (Mo.1970). And, a determination of the effectiveness of counsel is immaterial after entry of a guilty plea,

unless counsel was inadequate or incompetent in such a manner as to affect the voluntariness and understanding of the plea. *Matthews v. State,* 501 S.W.2d 44, 47 (Mo.1973).

 Appellant's motion failed to allege facts claiming that his plea was involuntary because of ineffective assistance of counsel and, consequently, as a matter of law, failed to show he was entitled to postconviction relief. See *Childers v. State,* 502 S.W.2d 249 (Mo.1973). Furthermore, in order to be entitled to an evidentiary hearing under Rule 27.26, the motion must plead facts, not conclusions, which, if true, would entitle him to relief and must show that such factual allegations are not refuted by facts elicited at the guilty plea hearing. *Smith v. State,* 513 S.W.2d 407 (Mo. banc 1974), cert. denied, 420 U.S. 911, 95 S.Ct. 832, 42 L.Ed.2d 841 (1975); *Hogshooter v. State,* 514 S.W.2d 109 (Mo.App.1974).

The judgment is affirmed.

All concur.