**James Edward MOLAND, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

No. KCD 28905.

Missouri Court of Appeals, Kansas City District.

Aug. 8, 1977.

Timothy C. Harlan, Boonville, for movant-appellant.

John Ashcroft, Atty.Gen., Robert L. Presson, Asst.Atty.Gen., Jefferson City, for respondent.

Before SWOFFORD, P. J., and PRITCHARD, C. J., and DIXON, J.

DIXON, Judge.

James Edward Moland, movant-appellant, a 42-year-old man with one and one-half years of college education, pled guilty to the separate charges of tampering with a motor vehicle and felonious escape and was sentenced to two consecutive two-year terms in the Department of Corrections. No direct appeal from the above judgment and sentence was taken by movant. Subsequently, he filed a Rule 27.26 motion to vacate the sentences. The trial court denied the motion without an evidentiary hearing. Affirmed.

The only portion of the pro se motion necessary to a determination of the issue raised reads as follows:

". . . [C]ounsel in this case had movant falsely tell the court that no deal was made when in fact the same counsel assured movant, that the movant;

    i. would get no more than two, two year sentences running concurrently, (together).

    ii. but he would have to tell the court that no deals had been made for his two guilty pleas."

Movant contends that this allegation required the trial court to grant an evidentiary hearing and to appoint counsel.

The transcript made at the time of the entry of the plea and the sentencing has been filed as an exhibit. The trial judge, at the time of the offer of the guilty pleas, advised the movant of his rights and asked if there were any plea bargains. The Prosecuting Attorney then stated he was going to recommend concurrent two-year sentences. The defense lawyer indicated that was his understanding of the negotiations. The trial judge unequivocally asserted that he was not bound by the recommendation. The plea was entered, applications for probation were filed, and the court ordered a presentence investigation. Less than a month later, the defendant appeared for sentencing. The presentence report disclosed prior convictions. The court reminded the defendant he was not bound by the recommendation. The court then said:

"THE COURT: I am not going to follow that recommendation. Do you want to withdraw your pleas of guilty to these cases?

THE DEFENDANT: No sir, your Honor.

THE COURT: I feel like I ought to tell you that when I am not going to follow his recommendation.

THE DEFENDANT: Yes sir."

The court then sentenced defendant to *consecutive* two-year sentences.

An opinion was handed down in this case ordering an evidentiary hearing on the authority of *Burgin v. State*, 522 S.W.2d 159 (Mo.App.1975), and *Giggar v. State*, 547 S.W.2d 870 (Mo.App.1977). On motion for

rehearing, the Attorney General called attention to the fact that the trial judge had specifically refused to follow the recommendation of the prosecuting attorney and offered the movant the opportunity to withdraw his pleas of guilty, which movant declined. The original opinion has been withdrawn since it did not consider those facts.

 On the basis of the trial court's action in affording the defendant an opportunity to withdraw his pleas, this case is controlled by *Smith v. State*, 513 S.W.2d 407 (Mo.banc 1974). In *Smith*, a three-prong test for the granting of an evidentiary hearing was established: (1) the movant must plead facts; (2) the facts must not be refuted by the record; (3) those facts, if true, must entitle movant to relief. The Attorney General concedes on this record the first two requirements. The third test is not met. Even if movant's claim that he had been "promised a deal" was true, for it to afford him relief, it must have affected the voluntariness of the plea. Even if that were so at the time he entered the plea, after movant had been advised the court would not honor the plea bargain and rejected an opportunity to withdraw his plea, any taint to the voluntariness of his plea was removed. Whatever the situation at the time of the first hearing, at the second hearing, movant was given a chance to withdraw his pleas. If the original plea was made upon a belief that the court would, in fact, follow the recommendation despite the trial court's assertion to the contrary, that belief could not continue in the face of the court's unequivocal statement that the court would not follow the recommendation. The movant then was given the opportunity to vacate his pleas, which he rejected. Thus, the movant cannot rely on *Giggar* and *Burgin*, for he could not have believed that any "promise" would be fulfilled. The essence of *Giggar* and *Burgin* is that the "promise" was withheld from the court. The "promise" here was explicit, and the court rejected it at the same time offering to vacate the plea if it had been premised upon a belief the "promise" would be kept.

Judgment affirmed.

All concur.