**John Wesley WILLIAMS,
Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 38478.**

Missouri Court of Appeals,
St. Louis District,
Division 1.

Jan. 3, 1978.

Peter J. Wunderlich, St. Louis, for movant-appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., John D. Chancellor, Asst. Circuit Atty., St. Louis, for respondent.

PER CURIAM.

This is an appeal by movant-appellant, John Wesley Williams, from a final order of

the Circuit Court of the City of St. Louis denying, without an evidentiary hearing, movant's motion to vacate two judgments of conviction after pleas of guilty imposing eight-year sentences to run concurrently for the offenses of robbery.

On December 2, 1975, movant pleaded guilty to two charges of robbery and was sentenced. On January 30, 1976, movant filed his motion to vacate the sentences and moved to disqualify the sentencing judge. The latter motion was sustained and the case reassigned.

The grounds for the motion to vacate were that movant's pleas of guilty to the offenses were involuntarily made because (1) he was denied effective assistance of counsel because counsel sent someone to the jail "to offer movant some time in prison," (2) he was subjected to coercion by the judge in that the judge sent movant's grandmother to him to attempt to persuade him to plead guilty, (3) he was subjected to coercion by the judge in that the judge sent movant's lawyer to offer him seven years and because he was scared, (4) the judge became an agent for the prosecutor, and (5) he was denied effective assistance because his lawyer told him to answer questions in the negative.[1]

The trial court made findings of fact and conclusions of law and denied the motion without an evidentiary hearing.

Movant's sole point on appeal is that the court erred in denying him an evidentiary hearing to determine the voluntariness of the pleas. The thrust of appellant's contention is that the pleas were involuntary because there was coercion by the court in exerting pressure upon retained counsel and his grandmother to have him plead guilty to the charges. Appellant in his brief urges that his pleas of guilty were involuntary because "there was coercion by the Judge . . . by placing undue pressure upon [him] through means of his grandmother imploring him . . . to enter a guilty plea" and by the court in "exerting pressure upon retained legal counsel." He further argues that he was "scared both by his own counsel and the Court" and was denied a trial by jury.

He argues that he has met the requirements laid down in the judicial decisions so that the trial court erred in denying him an evidentiary hearing on these allegations. Movant's brief makes much of the fact that he is a young man with a limited education.

■ The rules relating to requiring an evidentiary hearing are clear and have been often repeated. ". . . A 27.26 movant, in order to be entitled to an evidentiary hearing, must plead *facts*, not conclusions, which, if true, would entitle him to relief and must show that such factual allegations are not refuted by facts elicited at the guilty plea hearing." *Smith v. State*, 513 S.W.2d 407, 411 (Mo. banc 1974); *Winston v. State*, 533 S.W.2d 709, 715 (Mo.App.1976). The test is not whether a particular ritual is held but whether in fact the plea is voluntarily and intelligently made. The fact that a person is youthful or has a limited education is not the test. Neither does the fact that a plea results from a plea bargain or to escape a heavier sentence make the plea involuntary. *Baker v. State*, 524 S.W.2d 144, 147 (Mo.App.1975).

1. The trial court found that *Burgin v. State*, 522 S.W.2d 159 (Mo.App.1975) was not applicable. We agree. In *Burgin*, movant alleged in his motion that he had been promised a two-year sentence and was told by his counsel to answer in the negative when the court asked if any deal had been made. The court held that the withholding from the trial judge of a promise destroys the purpose prompting the inquiry by the court. The gist of the opinion is that a promise by anyone other than the judge is not binding on the court and the defendant should not be misled by a promise not within the promisor's power to perform. Here the trial judge explicitly informed movant that he was going to sentence movant to eight years. Movant was not misled by an unfulfilled promise. *See also Giggar v. State*, 547 S.W.2d 870 (Mo.App.1977); *Mainord v. State*, 541 S.W.2d 779, 781 (Mo.App.1976).

The allegations that the court exerted pressure[2] upon retained counsel and his grandmother to induce him to plead guilty are insufficient, without more, to require an evidentiary hearing. The movant was an adult, he was experienced in the criminal process, he had a free will, he heard the circuit attorney relate the details of the robberies and he admitted they were substantially correct. He was informed that a jury panel was available, he was interrogated, it was explained to him the sentence he would receive and he was warned that he need not plead guilty.

Hence, we believe that the allegations made in the motion either do not warrant relief or are refuted by the record of the guilty plea. The record of the plea proceedings shows that the movant understood the nature of the charges and that his pleas were made voluntarily and with understanding.

Under this record and under the settled rules relating to motions to vacate[3], we are convinced that the trial court was not clearly erroneous in denying the motion without an evidentiary hearing and in its findings of fact and conclusions of law. *Toler v. State*, 542 S.W.2d 80, 83 (Mo.App. 1976); *Ross v. State*, 517 S.W.2d 185, 187 (Mo.App.1974); *Bolin v. State*, 552 S.W.2d 58, 60 (Mo.App.1977). We have examined the other authorities relied upon by appellant and find them inapposite.

The judgment is affirmed.

All the Judges concur.

---

2. Movant does not detail the facts as to how the court exerted pressure on third parties to induce him to plead guilty.

3. *Nelson v. State*, 537 S.W.2d 689, 693 (Mo. App.1976).