**William Bernard KELLER, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 39006.**

Missouri Court of Appeals, St. Louis District, Division One.

April 11, 1978.

Motion for Rehearing and/or Transfer Denied May 9, 1978.

# 262

Louis Gilden, St. Louis, for movant-appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Daniel F. Lyman, Asst. Attys. Gen., Jefferson City, for respondent.

CLEMENS, Presiding Judge.

Defendant William B. Keller has appealed from an order correcting his sentence pursuant to Rule 27.26. Defendant seeks to have his sentence vacated, or alternatively, reduced to two years. We affirm.

Defendant originally pleaded guilty to first degree burglary, sodomy and forcible rape.[1] He was sentenced to three 20-year *consecutive* terms of imprisonment. He then filed a Rule 27.26 motion alleging he was mentally disturbed at the time of his plea. The motion was denied and the judgment was affirmed on appeal. See *Keller v. State*, 523 S.W.2d 127 (Mo.App.1975). Two years later defendant filed a second Rule 27.26 motion alleging his plea was induced by his counsel's promise he would be sentenced to 15 years' imprisonment, would be free in two years, and that counsel told defendant not to mention the plea bargain. The trial court denied the second motion without an evidentiary hearing on the ground the motion and record showed defendant was not entitled to relief. Defendant appealed. Some months later, however, counsel for defendant and the state stipulated that the order denying defendant's second motion be vacated, amend-

ed or modified by the court. Defendant withdrew his appeal. The trial court vacated its order and granted defendant an evidentiary hearing. The court then corrected defendant's sentence by reducing it to 15 years' imprisonment on each count, to run concurrently. Defendant appealed.

Defendant briefs two points: (1) his guilty plea was not voluntary because trial counsel abandoned his defense and caused defendant's right to a jury trial to be denied, and (2) defendant's upset condition during the plea invalidated his guilty plea so that his sentence should have been vacated rather than corrected.[2]

The state responds that the issue of the voluntariness of defendant's plea could have been raised in his first Rule 27.26 motion, and, therefore, should not be considered now. We reject this contention as inconsistent with the stipulation entered by counsel for both parties. The state agreed that the trial court could vacate or amend its original order denying defendant's Rule 27.26 motion without an evidentiary hearing. In effect, that opened the door to the evidentiary hearing on the issue of voluntariness.

Defendant's first point cannot be reviewed, however, for another reason. Defendant alleges his plea was not voluntary because his trial counsel was ineffective by abandoning his defense and by causing defendant's right to a jury trial to be denied. This issue was not raised in defendant's second Rule 27.26 motion and was not presented to the trial court. In addition, the evidentiary hearing afforded defendant did not focus on the question of ineffective counsel. The issue will not be considered on appeal. *Parton v. State*, 545 S.W.2d 338[2] (Mo.App.1976); *Harkins v. State*, 494 S.W.2d 7[7] (Mo.1973); *McLarty v. State*, 536 S.W.2d 173 (Mo.App.1976) (where de-

1. Defendant has not provided this court with the transcript of his guilty plea. Normally, such a failure would preclude review, but the court has taken judicial notice of defendant's appeal from the denial of his first Rule 27.26 motion. A copy of the transcript is found there.

2. Alternatively, defendant contends his sentence should be reduced to two years' imprisonment, rather than the 15 years as corrected by the trial court.

fendant contended in his brief but not in his Rule 27.26 motion that his plea was not voluntary).

▆ To avoid this result, defendant argues that whenever the issue of voluntariness of a plea is raised in a Rule 27.26 motion, the issue of ineffective assistance of counsel is implicitly raised. In posing this argument defendant has inverted the general rule which states that once a plea of guilty has been entered the question of effective assistance of counsel is immaterial except to the extent that counsel's ineffectiveness affected the issue of voluntariness and understanding. See *Bonner v. State*, 535 S.W.2d 289[10] (Mo.App.1976); *Matthews v. State*, 501 S.W.2d 44[7] (Mo.1973). Voluntariness is considered merely as a limit on the issue of counsel's effectiveness, so that if a guilty plea is voluntary then counsel cannot be charged with not affording effective assistance.

Defendant's inversion is not the law in Missouri. Guilty pleas may be rendered involuntary for reasons other than ineffective assistance of counsel—for example, pleading while under the influence of drugs. And, in such cases, the issue of counsel's effectiveness is not considered unless specifically raised in defendant's Rule 27.26 motion. If defendant's plea was involuntary as a result of a promise or mistaken belief, correction or vacation of the plea would be proper regardless of whether or not counsel was effective. *State ex rel. Reece v. Campbell*, 551 S.W.2d 292 (Mo.App. 1977). If defendant sought to raise the issue of the effectiveness of counsel, he should have made a separate allegation of this issue, independent from his allegation regarding the voluntariness of his plea, or stated in his Rule 27.26 motion that his plea was involuntary due to ineffective assistance of counsel.

▆ Remaining is defendant's second contention that the trial court should have vacated rather than corrected his sentence. Our review is limited to a determination of whether the findings, conclusions and judgment of the trial court are clearly erroneous. Rule 27.26(j); *Merritt v. State*, 559 S.W.2d 253[1] (Mo.App.1977). Such findings and conclusions are clearly erroneous only if, after review of the entire record, the court is left with the definite and firm impression that a mistake has been made. The trial court found "sufficient cause to believe movant misunderstood his counsel's statements concerning the length of the sentence and that he was upset enough at this time to make his pleas involuntary to that extent." Defendant stated he "broke down" in the courtroom and his mother testified he was sobbing.

Defendant and his mother testified trial counsel told them defendant would receive no more than 15 years' imprisonment. His mother testified counsel said he had talked with the prosecutor and the judge and they had agreed to the 15-year term. Defendant admitted lying to the court during his plea when asked if he had any understanding regarding his sentence but he stated that trial counsel advised him to answer in the negative to questions concerning any plea bargain. Though trial counsel testified he told defendant his sentence would be 20 years with only 15 years' actual incarceration, conflict in testimony is to be resolved by the trial court.

The findings, conclusion and judgment of the trial court declaring defendant did not misunderstand counsel's comments regarding sentence are not clearly erroneous. Furthermore, the transcript of defendant's guilty plea shows defendant understood the nature of the charges against him, that he was advised of the range of punishment and that he understood he was entitled to the constitutional guaranties attendant to a fair trial. These factors indicate defendant's plea was voluntarily and knowingly made to the extent of the 15-year sentence which he believed had been promised. See *Burgin v. State*, 522 S.W.2d 159[2] (Mo.App. 1975), (wherein the court in remanding for an evidentiary hearing stated "the defendant is either entitled to the benefit of the promise or he should not be held to his part of the 'bargain' and should be permitted to withdraw his plea"); *State ex rel. Reece v. Campbell*, 551 S.W.2d 292[17] (Mo.App.1977)

(wherein the court said "the voluntary nature of defendant's guilty plea depends upon his understanding of what sentence he was to receive in return for it at the time his plea was entered.")

Though neither the trial court nor trial counsel advised defendant any promises made to him were not binding on the court, this omission does not mandate that defendant's plea be vacated rather than corrected. See *Mainord v. State*, 541 S.W.2d 779 (Mo.App.1976) and *Beaver v. State*, 552 S.W.2d 36 (Mo.App.1977) wherein this court distinguished *Burgin, supra,* and affirmed the denial of an evidentiary hearing even though the trial court failed to advise defendants that recommendations were not binding on the court.

Judgment affirmed.

SMITH and McMILLIAN, JJ., concur.