Ulysses Simpson JAMES,
Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 39115.

Missouri Court of Appeals,
St. Louis District,
Division One.

Aug. 15, 1978.

Crouppen, Walther, Zwibelman & Walsh, P. C., Roy A. Walther, III, St. Louis, for movant-appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, John M. Morris, III, Asst. Attys. Gen., Jefferson City, for respondent.

CLEMENS, Presiding Judge.

Movant Ulysses Simpson James (hereafter defendant) pled guilty in 1973 to second degree murder and first degree robbery. He was sentenced to two concurrent twen-

ty-year terms, with credit allowed for 321 days he had served while awaiting trial.

Defendant has now appealed denial of his Rule 27.26, VAMR, motion without an evidentiary hearing. His motion alleges: (1) his guilty pleas were induced by plea bargaining for a ten-year sentence, (2) he was denied effective assistance of counsel, and (3) the court erred in failing to credit him for three-fourths of the time served before his guilty plea.

■ Defendant's first point has no merit. Counsel's unkept promises do not render a guilty plea involuntary when the trial judge has informed defendant that promises made to him are not binding on the court. *Mainord v. State,* 541 S.W.2d 779[1, 2] (Mo.App. 1976). *Mainord* presents an identical situation to the case at bar. There, movant alleged his guilty plea was involuntary because he relied on his attorney's promise he would get a lesser sentence than he received. Movant also alleged his attorney instructed him to say nothing about the promise when questioned by the judge. The court, after noting the trial court twice alerted defendant that any promises made by others were not binding on the court, stated: "Even if backroom promises had been made to appellant, we are convinced that the questioning and statements by the trial judge thoroughly advised the appellant that all deals were no longer effective." *Mainord,* supra, at [1, 2].

Here, the transcript shows the trial court directed three specific questions and warnings to defendant, who acknowledged he understood the court had made no promises as to punishment nor authorized others to do so, and that no recommendation would be binding on the court.

The record clearly indicates defendant was made fully aware of the consequences of pleading guilty. The trial court did not clearly err in denying this point. Further, as in *Smith v. State,* 513 S.W.2d 407[1] (Mo.1974), defendant was properly denied an evidentiary hearing because, even if un-

kept promises had been made, the record indicates they did not affect the voluntary and knowing character of the pleas.

■ At the guilty-plea proceedings the court meticulously established defendant's understanding of the state's accusation (which defendant knowingly admitted), his rights to trial and confrontation and the consequences of pleading guilty. Defendant declared he was satisfied with his counsel's services and advice, and was pleading guilty of his own free will because in fact he was guilty. We conclude the guilty pleas were voluntarily and understandingly made. Since the transcript refutes defendant's contention, the trial court did not err in denying this ground without an evidentiary hearing. *Haliburton v. State,* 546 S.W.2d 771[1] (Mo.App.1977).

■ Defendant's charge of ineffective assistance of counsel is also without merit. "Once a guilty plea is entered, a determination of the adequacy of counsel is immaterial except as it bears on the issues of voluntariness and understanding . . . The test is whether the representation of an attorney reaches the level of adequacy so that the plea is voluntarily and understandingly made." *Baker v. State,* 524 S.W.2d 144[4, 5] (Mo.App.1975). We have held, supra, that defendant's pleas were so made, and the point is denied.

■ We turn to defendant's third contention. Sections 221.180(4) and 216.355, RSMo.1969, provide that "three-fourths rules" apply to felons who have been imprisoned for that portion of their sentence. The rules do not apply to jail time awaiting trial, full credit for that being mandated by § 546.615, RSMo.1969, which defendant was allowed.[1] Defendant's third point was properly denied.

Affirmed.

SMITH and McMILLIAN, JJ., concur.

---

1. We note the recent decision of *State ex rel. James v. Stamps,* 562 S.W.2d 354 (Mo. banc 1978), holding a prisoner guilty of a graded felony, upon serving three-fourths of his *jail sentence* is eligible for good time credit.