**Robert D. BIEREY, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 41185.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 28, 1979.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 17, 1979.

Application to Transfer Denied
Oct. 10, 1979.

Office of the Public Defender, Thirty-second Judicial Circuit, Jackson, for appellant.

John D. Ashcroft, Atty. Gen., Michael P. Donegan, Asst. Atty. Gen., Jefferson City, for respondent.

GUNN, Judge.

Movant was sentenced on a guilty plea to eight years imprisonment for second degree burglary. He subsequently filed two Rule 27.26 motions, the first alleging that a "deal" had been made whereby he was to receive only a five year sentence in exchange for his plea, but that his attorney had told him not to reveal the plea bargain in court. The second motion also alleged that his attorney told him to lie to the court by denying that any "deals" had been made in exchange for his guilty plea. It further alleged he was promised an eight year term to run concurrently with his federal court sentence.

■ The trial court in its written findings of fact and conclusions of law denied the motions without an evidentiary hearing. The basis for its ruling was:

That the only allegations of fact pleaded in Movant's motion, cognizable under Supreme Court Rule 27.26 are controverted and refuted by the facts elicited and established at the time the Plea of Guilty was made. That Movant has not pleaded any other facts which, if true, would entitle him to relief.

The sole issue raised on appeal is that the trial court erred in failing to hold an evidentiary hearing on the facts raised in movant's motions. We affirm. Movant's allegations of error in the denial of the evidentiary hearing rest on *Giggar v. State,* 547 S.W.2d 870 (Mo.App.1977), and *Burgin v. State,* 522 S.W.2d 159 (Mo.App.1975), which state that a movant is entitled to an evidentiary hearing if he alleges that his counsel promised a certain sentence would be imposed in exchange for a guilty plea with an admonition for the movant to deny in court that any such bargain had been made. Movant's argument regarding *Giggar* and *Burgin* is accurate so far as it is stated. But both cases go further and steadfastly abide by the guiding precept set forth in *Smith v. State,* 513 S.W.2d 407, 411 (Mo. banc 1974), as follows:

A 27.26 movant, in order to be entitled to an evidentiary hearing, must plead *facts,* not conclusions, which, if true, would entitle him to relief and must show that such factual allegations are not refuted by facts elicited at the guilty plea hearing. (original emphasis)

*Giggar v. State,* supra, makes it manifest that the record of a guilty plea hearing can refute a movant's allegation that he was told to falsely affirm to the judge that he had not made any deals:

A straightforward query concerning any suggestion or direction as to the answers being made in the proceeding will serve to directly refute the claim by the record made at the guilty plea proceeding, and, under the *Smith* rule, no evidentiary hearing would be required. *Id.* at 871.

■ The record of the guilty plea proceedings in this case is a paragon of the "straightforward query" referred to in *Giggar.* The record reflects that the movant, who had two years of college, executed a lengthy written petition to enter a guilty plea specifically reciting that no promises had been made. His lawyer also certified in writing that all statements made by the movant were accurate and true. Further, the trial court in a painstaking exercise of judicial patience and wisdom heard the movant's recital of all the essential factors to establish that his plea was absolutely voluntarily and knowingly made and without any promise of a bargain by anyone. The record clearly refutes movant's claim that he was told to lie at the hearing:

Q. [The Court] Has Mr. Rader [movant's counsel] told you to do anything other than to tell the truth here this morning?

A. [Mr. Bierey] No, sir.

Q. Are all of your answers going to be truthful?

A. Yes, sir.

\* \* \* \* \* \*

THE COURT: Have all the defendant's answers been truthful as far as you know?

MR. RADER: They have; yes, sir. Not only did the facts testified to by the movant, his counsel and the prosecutor directly refute the allegation that promises of five years or of concurrent sentencing were made, but the straightforwardness and depth of the questioning meet the objectionable facets of guilty plea hearings which traditionally fostered the concealment of bargains. The process was sufficient to "dispel a defendant's belief that any bargain struck must remain concealed." *Blackledge v. Allison,* 431 U.S. 63, 77, 97 S.Ct. 1621, 1631, 52 L.Ed.2d 136 (1977).

■ Additionally, the in-court exchange made completely unreasonable any belief that movant may have held at that time as to the existence of a bargain. A test of involuntariness of a plea when the movant claims to have been misled is whether it was reasonable for movant to hold the belief by which he claims to have been misled. *McMahon v. State,* 569 S.W.2d 753 (Mo. banc 1978); *Johnson v. State,* 579 S.W.2d 802 (Mo.App.1979). Movant was afforded at least two opportunities to withdraw his plea. Once having been informed that the only bargain struck was the dismissal of a stealing charge, the movant could not reasonably have believed that any "promise" would be fulfilled. *Moland v. State,* 555 S.W.2d 97 (Mo.App.1977).

The trial court's finding that movant's factual allegations were refuted by the record of the guilty plea proceedings is fully supported, and there was no need for an evidentiary hearing. *Johnson v. State,* supra.

Judgment affirmed.

REINHARD, P. J., and CRIST, J., concur.