**Terry Lynn BRITT, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 41066.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 18, 1979.

---

Walter S. Drusch, Jr., Cape Girardeau, for appellant.

John D. Ashcroft, Atty. Gen., James R. Cumbee, Asst. Atty. Gen., Jefferson City, for respondent.

GUNN, Judge.

Movant appeals from the denial of his Rule 27.26 motion alleging that the trial court erred in denying relief under the motion without evidentiary hearing. We affirm.

Movant pleaded guilty to a two count information charging second degree burglary and stealing in the first count and tampering with a motor vehicle in the second count. He was sentenced concurrently to ten years imprisonment for the burglary and five years for the two other offenses. His 27.26 motion and appeal allege: (1) that his plea was involuntary as it was made in reliance of his counsel's assurance that he would receive a lesser sentence; (2) ineffective assistance of counsel in failing to seek dismissal of the information as based on an improper joinder of offenses.

Movant's complaint that he was entitled to an evidentiary hearing is without merit. The record of his guilty plea, through straightforward inquiry by the trial court, manifestly refutes his contention that he was disabused of any reasonable belief that he could possibly have entertained any notion of a lesser penalty as a result of his attorney's false assurances.[1]

---

1. Q. [Trial Court] Now, in talking with Mr. Robbins [defense counsel] he wanted to know whether or not I would assure you that you would not be sentenced to more than ten years in the penitentiary total, and I have indicated to him that I would grant that assurance. I have indicated this in front of you out in the hall just a few minutes ago, and I told you that it would be my intent to order a pre-sentence investigation to be conducted by the Board of Probation and Parole, and that based on that report, I would give you a sentence somewhere between two years at a minimum and a maximum of ten years; but I want to frankly say to you that I think the chances of your getting a minimum sentence are non-existent, and the chances are quite high that you will receive a sentence close to ten years; do you understand that?

A. [Movant] Yes, sir.

*Johnson v. State,* 579 S.W.2d 802 (Mo.App. 1979). Hence, he was entitled to no evidentiary hearing on his motion. *Wilson v. State,* 582 S.W.2d 725 (Mo.App.1979); *Beaver v. State,* 552 S.W.2d 36 (Mo.App.1977); *Giggar v. State,* 547 S.W.2d 870 (Mo.App. 1977).

Schellert v. State, 569 S.W.2d 735 (Mo.banc 1978), and *McMahon v. State,* 569 S.W.2d 753 (Mo.banc 1978), which provide that a movant should be afforded the opportunity to withdraw his plea where disposition of the case is less favorable than contemplated by the plea agreement or recommended by the prosecutor, are not applicable here. In this case, it was evident that movant's punishment was what he bargained for. The trial court's action in denying the motion or refusing to allow a subsequent withdrawal of the plea a month later is not incongruent with *Schellert* and *McMahon.*

Movant also urges ineffective assistance of counsel by reason of his attorney's failure to seek dismissal of the information, which he argues improperly charged three separate offenses arising out of the same transaction. The information was in two counts, the first charging movant with breaking into a building and stealing property belonging to William Strong, Jr. The second count charged him with the unauthorized tampering with a motor vehicle by using and operating a Jeep belonging to Ray Bennett.

The information was in proper form, as burglary and stealing may be charged in a single count. Section 560.110, RSMo 1969;[2]

Q. Do you have any other understanding as to what is going to happen to you?
A. No, sir.
Further in the proceedings, the court again asked the movant:
Q. Is there anything at all causing you to plead guilty today other than the fact that you are in fact guilty, and you are trying to get by with a ten year or less sentence instead of a greater sentence?
A. Yes.
Q. Is that the only reason you are pleading guilty?
A. Yes.
Also:

*See: State v. Wilson,* 544 S.W.2d 859 (Mo. App.1976); *State v. McLallen,* 522 S.W.2d 1 (Mo.App.1975). With regard to the motor vehicle, the facts of the guilty plea firmly establish that the tampering occurred at the time of the burglary and stealing and that the Jeep was used in movant's flight and asportation of the stolen goods. Thus, the tampering was a part of a common plan and properly joined as a separate count in the information under Rule 24.04. *State v. Johnson,* 505 S.W.2d 11 (Mo.App.1974).

Judgment affirmed.

REINHARD, P. J., and CRIST, J., concur.

Q. Has Mr. Robbins told you to do anything other than to tell the truth here this afternoon?
A. No, sir.
Q. Are all your answers going to be truthful?
A. Yes, sir.
Also:
The COURT: Mr. Robbins, have all the defendant's answers been truthful as far as you know?
MR. ROBBINS: Yes, Your Honor.

2. In effect at the time of the offense.