Darrell LAWRENCE, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 42741.

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 7, 1980.

Dan B. Dildine, St. Charles, for movant–appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George R. Westfall, Pros. Atty., Clayton, for respondent.

DOWD, Presiding Judge.

This is an appeal from the denial, without an evidentiary hearing, of an amended Rule 27.26 motion.

On June 8, 1978, Darrell Lawrence, the movant–appellant, withdrew his prior plea of not guilty and entered a plea of guilty to the charge of robbery first degree by putting the victim in fear, in violation of § 560.120 RSMo 1969. After lengthy questioning by the court, in which the movant and his attorney participated, the plea was accepted. The trial court found that the movant voluntarily entered his plea of guilty to the charge, and that he fully understood his rights and the consequences of

his plea. Movant was sentenced to serve fifteen years in the custody of the Missouri State Department of Corrections.

The movant's amended Rule 27.26 motion challenged the voluntariness and understanding of his guilty plea in two respects. First, movant contends the plea was not entered voluntarily because he was not adequately advised of the legal elements of the offense charged, but merely the factual situation from which the charge originated. Secondly, movant contends he did not fully understand his rights and the consequences of his plea because no determination of movant's ability to understand was made.

Before accepting a guilty plea the trial court is required to first determine that the plea is made voluntarily and with an understanding of the nature of the charge. Rule 24.02 (effective January 1, 1980), formerly Rule 25.04. There is no requirement that the court, during a guilty plea proceeding, explain every technical element of the offense. *McMahon v. State*, 569 S.W.2d 753, 758 (Mo.banc 1978); *Jones v. State*, 581 S.W.2d 386, 388 (Mo.App.1979). It is sufficient that the proceedings show that the movant had an understanding of the nature of the charge. Where the movant admits facts which constitute the offense pleaded to, he is thereafter precluded from withdrawing his plea on the grounds that he did not understand the nature of the offense. *Walker v. State*, 602 S.W.2d 14 (Mo.App.1980); *Ballard v. State*, 577 S.W.2d 932, 934 (Mo.App.1979).

At the guilty plea proceeding movant was told that he was charged with robbery first degree by means of putting the victim in fear. The movant admitted that he entered a Church's Fried Chicken store and took money which was in the lawful custody of one James Wells. The court thoroughly questioned the movant on how he had put the victim in fear. While movant did not display a weapon, he admitted that he told the victim he had one, and indicated to the victim that he had a weapon concealed on his person by holding one hand in his pocket. Movant also admitted that an accomplice displayed a gun while in the store. Movant has admitted facts which constitute the offense of robbery first degree by means of putting the victim in fear and may not now withdraw his guilty plea on the grounds that he did not understand the nature of the charge.

The movant next contends that his plea of guilty should be vacated or an evidentiary hearing held because he did not understand his rights and the consequences of his plea since no determination of movant's ability to understand was made. We disagree. The trial court found that the movant entered his guilty plea voluntarily and that he fully understood his rights and the consequences of his plea. This determination was made after the court carefully explained the movant's trial rights and after movant stated that he understood each one.

The movant asserts, on this appeal, that due to his "limited comprehension" he was unable to enter an understanding plea of guilty. The only facts in support of movant's contention that he lacked the comprehension to understand his rights and the consequences of his plea were that he did not complete high school, and while in school was placed in a special school district "due to his inability to adequately perform in the regular school district."

A 27.26 movant, in order to be entitled to an evidentiary hearing, must plead facts, not conclusions, which if true, would entitle him to relief and must show that such factual allegations are not refuted by facts elicited at the guilty plea hearing. *Rice v. State*, 585 S.W.2d 488, 492 (Mo.banc 1979); *Johnson v. State*, 579 S.W.2d 132, 134 (Mo.App.1979). The test of whether a plea is voluntarily and intelligently made is not whether a particular ritual is followed but whether the plea in fact is intelligently and voluntarily made. *McMahon v. State*, 569 S.W.2d 753, 758 (Mo. banc 1978). The fact that a person is youthful or has a limited education is not the test. *Williams v. State*, 560 S.W.2d 887, 888 (Mo.App.1978).

The fact that the movant was placed in a special school district and did not com-

plete high school are insufficient, without more, to require an evidentiary hearing. The movant was a twenty–two year old adult and had the assistance of counsel when he decided to plead guilty. The record demonstrates that the trial judge was very thorough in advising the movant of his rights. Prior to accepting the guilty plea the trial court informed the movant of the charge, of his rights, the range of punishment and the sentence he would receive if he pleaded guilty. The movant was advised that he did not have to plead guilty, but could continue with his initial plea of not guilty and thereby be entitled to a public trial before a judge or jury with the right to confront and cross–examine the State's witnesses. When asked specific questions by the trial court on how the crime occurred, the movant made clear and responsive answers relating his conduct at the scene of the crime. After review of the guilty plea proceeding we conclude that movant's contentions either do not warrant relief or are refuted by the record, and the trial court was not clearly erroneous in denying the motion without an evidentiary hearing.

Judgment affirmed.

REINHARD and CRIST, JJ., concur.