Laddie ROEBUCK, No. 34075, Appellant,

v.

STATE of Missouri, Respondent.

No. 42353.

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 5, 1980.

Robert C. Babione, Public Defender, Thomas F. Flynn, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Paul M. Spinden, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

CRIST, Presiding Justice.

Rule 27.26 proceeding. We affirm.

Movant admitted participation in the November 24, 1976 burglary of Bessie Lanier's apartment in St. Louis, Missouri, during which Ms. Lanier was killed.

Movant's trial on charges of murder in the first degree was halted on February 1, 1978 when he indicated he wanted to plead guilty in exchange for a reduction of the charges to murder in the second degree and burglary in the first degree.

The trial court informed movant of the range of punishment for those charges, explained that it could not sentence him to more than the fifteen years recommended by the state, and advised him of his constitutional rights. Movant was satisfied with

his lawyer. No one had made any promises to, nor threatened him to induce his guilty plea.

Movant was made aware that the trial court had not authorized any promises. He was cautioned that there was "very little, if any, likelihood" that he would get probation. He indicated no one had told him to make any false representations to the court. He was thereafter sentenced to concurrent terms of fifteen years on each count.

Movant filed his Rule 27.26 motion alleging, among other allegations not in issue, ineffective assistance of counsel. He was denied an evidentiary hearing on the ground the motion did not plead evidentiary facts not refuted by the transcript of the guilty plea. Movant proposes his right to an evidentiary hearing in that he pled his attorney told him to lie to the guilty plea judge when he was asked if he had been promised probation, although movant had, in fact, been promised probation. He relies on *Burgin v. State*, 522 S.W.2d 159, 160 (Mo.App.1975). *Burgin* is no help to movant.

A Rule 27.26 motion pertaining to a guilty plea must plead facts entitling movant to relief. Those facts must not be refuted by the record. *Smith v. State*, 513 S.W.2d 407, 411 (Mo.banc 1974).

The question of promises of any kind, particularly of probation, were exhaustively covered by the trial court. It confronted movant with the question of whether he had been advised to lie to the court. It made a painstaking effort to insure movant's plea was voluntarily and knowingly entered. It gave movant an opportunity to change his mind about his indicated desire to plead guilty.

Movant's allegations were clearly refuted by the record. *Mainord v. State*, 541 S.W.2d 779, 781 (Mo.App.1976). See, *James v. State*, 571 S.W.2d 127, 128 (Mo.App.1978). There is no reasonable basis for the allegations made by movant in light of the guilty plea record.

Judgment affirmed.

REINHARD and SNYDER, JJ., concur.