Peter John NOLL, IV, Appellant,

v.

STATE of Missouri, Respondent.

No. 43283.

Missouri Court of Appeals,
Eastern District,
Division Three.

July 28, 1981.

Charles G. Hyler, Farmington, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, Gary Stevenson, Pros. Atty., Farmington, for respondent.

CRIST, Presiding Judge.

Rule 27.26 proceeding. Movant appeals the denial of his Rule 27.26 motion without evidentiary hearing. We affirm.

On July 6, 1979, movant pleaded guilty to five counts of assault with intent to kill or maim. He was sentenced to five (5) consecutive five (5) year terms of imprisonment. On January 9, 1980, movant filed a Rule 27.26 motion alleging his lawyer had informed him three (3) of the five (5) counts would be dismissed and he would be sentenced to only two (2) concurrent two (2) year terms. He further alleged he was promised probation based upon his youth. Finally, movant claimed his lawyer told him to lie when asked if any promises were made. On July 22, 1980, movant's request for a Rule 27.26 evidentiary hearing was dismissed. Movant appeals.

Movant's sole assignation of error is the trial court erred "in sustaining the state's motion to dismiss [movant's] motion for an evidentiary hearing . . . where [he] has stated facts, in his motion, which if true, would entitle him to relief." In support of his contention, movant relies primarily upon *Burgin v. State*, 522 S.W.2d 159 (Mo.App. 1975). His reliance is misplaced. *Burgin* stands for the proposition that a secret agreement would affect the voluntariness of the guilty plea only where the court

failed to inform defendant it was not bound by any plea agreements or promises. *Burgin v. State, supra*, at 160; *Beaver v. State*, 552 S.W.2d 36, 38 (Mo.App.1977).

In the instant case, the trial court, before accepting defendant's guilty plea, made it clear that it was not bound by any secret agreements or promises. Movant was questioned extensively as to his understanding of the nature of the charges, the range of punishment, and the fact no promises were binding on the court. Furthermore, the prosecutor and defense attorney expressly denied any plea bargaining had occurred. See, *Mainord v. State*, 541 S.W.2d 779, 780–81 (Mo.App.1976). Movant's allegation that his attorney told him to lie when asked if any promises had been made, even if proven, was, therefore, insufficient to support his Rule 27.26 motion. *Mainord v. State, supra*, at 780–81. The allegations in movant's Rule 27.26 motion are refuted by the files and records of the case. Movant was not entitled to an evidentiary hearing.

Judgment affirmed.

REINHARD and SNYDER, JJ., concur.