James H. MEADORS, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 44338.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 29, 1982.

Gary W. Wagner, James Freer, Farmington, for movant-appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, Gary E. Stevenson, Pros. Atty., Farmington, for respondent.

CRIST, Judge.

Movant's Rule 27.26 motion was denied without an evidentiary hearing. We affirm.

Movant entered a plea of guilty to a charge of committing the Class D felony of issuing a no-account check in violation of § 570.120, RSMo. 1978, for which he was sentenced to five years imprisonment. This term was to run concurrently with a three-year sentence imposed by the Circuit Court of Dunklin County for another no-account check conviction.

Movant maintains that he was entitled to an evidentiary hearing in that he was prejudiced because a petition for writ of habeas corpus ad prosequendum was filed with the sentencing court which showed that he was serving a sentence for burglary rather than issuance of a no-account check. This fact, however, does not entitle movant to an evidentiary hearing. The sentencing court made no reference to a burglary charge. Rather, the court referred to Cause No. CR380–28FX, wherein movant was convicted of issuing a no-account check, when it set the concurrent sentence.

Movant had a complete chance when he entered his guilty plea to cure any misapprehension on the part of the sentencing court with regard to this prior conviction. *Babcock v. State*, 521 S.W.2d 191, 195 (Mo. App.1975). Further, movant's motion did not allege that the sentencing court relied upon the erroneous petition. Therefore, movant was entitled to no relief on the record presented to the trial court, and dismissal without an evidentiary hearing was proper. *See, Decker v. State*, 623 S.W.2d 563, 564 (Mo.App.1981).

■ Movant also contends his guilty plea was involuntary because he was induced by his lawyer's assurances that he would receive a three year sentence to run concurrently with the Dunklin County sentence. The record of the guilty plea proceedings shows otherwise. Since the record refutes this allegation, movant was not entitled to an evidentiary hearing. *Britt v. State*, 587 S.W.2d 638, 639 (Mo.App.1979).

Judgment affirmed.

REINHARD, P. J., and SNYDER, J., concur.