**Charles Anthony AVILLA,
Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 12299.**

Missouri Court of Appeals,
Southern District,
Division Three.

Oct. 8, 1981.

Motion for Rehearing or Transfer Denied
Oct. 19, 1981.

Application to Transfer Denied
Dec. 14, 1981.

James A. DeReign, DeReign & DeReign,
Caruthersville, for movant-appellant.

John D. Ashcroft, Atty. Gen., Theodore
A. Bruce, Asst. Atty. Gen., Jefferson City,
for respondent.

BILLINGS, Presiding Judge.

Charles Anthony Avilla, serving a 20-year sentence for first degree assault, filed a postconviction motion under Rule 27.26, V.A.M.R., contending his attorney was ineffective in connection with his 1979 guilty plea and his plea was involuntary. An evidentiary hearing was held and movant denied relief. This appeal followed. We affirm.

The experienced trial judge that presided at the evidentiary hearing incorporated his findings of fact and conclusions of law in a memorandum opinion as follows:

"Movant and the juvenile committed an armed robbery at a service station in Osceola, Arkansas, some fifty (50) miles south of Caruthersville, Missouri, and were headed north on Interstate 55. Their automobile was recognized by state and local authorities, resulting in a high speed chase, with both parties shooting at each other until a collision occurred in Pemiscot County, resulting in their apprehension.

"As a result of Movant's activities in Pemiscot County, nine (9) felony charges were filed on information by the Prosecuting Attorney. As a result of plea and count bargaining, eight (8) of the felony charges were dismissed by the State and Movant entered a plea of guilty to one (1) charge, Count II, Assault in the First Degree. Also as a result of plea bargaining, Movant was sentenced to twenty (20) years in the Department of Corrections, which sentence was agreed to and approved by the Movant. He was, in fact, told in advance by the Court that he was to receive a twenty-year sentence if he pled guilty, and he was given the opportunity to again plead guilty or not guilty and he, at that time, accepted the sentence of the Court with twenty (20) years to do in the Department of Corrections.

"Movant called Attorney Byron Luber as a witness in support of his allegations; however, Mr. Luber's testimony completely refuted all of Movant's conten-

tions regarding the plea of guilty. Mr. Luber, an able, experienced and competent lawyer, testified that he fully advised Movant of all constitutional rights, together with the nature of the charge and the effect rights, together with the nature of the charge and the effect of his plea of guilty. At no time did Movant give Attorney Luber any information indicating either a defense to the action or anything in mitigation thereof. Movant's testimony was to the effect that he intended no injury to Trooper Campbell, but was merely firing at him in order to " 'slow him down' ". How he intended to accomplish that without killing or injuring the trooper was not explained.

### FINDINGS OF FACT AND RULINGS OF LAW

"Movant cites numerous Missouri and federal authority in support of his motion, and this Court has no quarrel with any of the citations set out in his motion. As he states, his plea must be voluntary and the essential elements of the charge must be explained to any defendant before the Court can make a finding that the plea is voluntary. What we have in this case is simply a factual determination as to whether or not the charges were explained and whether the Court properly found that the plea was voluntary. The Court hereby finds in the affirmative on both questions. Clearly, this Movant was shooting at a Missouri State Trooper during a high speed chase, where Movant had refused to stop his automobile upon request by law officers. He not only ignored sirens and red lights but, as he told his attorney, he " 'returned their fire' ". A reading of the transcript of the plea of guilty clearly shows that the essential elements of the crime were explained to Movant by the Court and obviously explained to him by Mr. Luber. Although the Movant waived formal arraignment, the Court went over the Information with Movant. The pertinent part of this examination of the Movant by the Court is set out on page four (4) of the transcript and is as follows:

" 'The Court: The defendant, that is you, attempted to kill or cause serious physical injury to Herb Campbell. He is a trooper, I believe. By shooting at him and the defendant committed this offense with a deadly weapon. Did you in fact do that?

Defendant: Yes, sir.

The Court: What kind of a weapon did you use?

Defendant: It was a 22 Long.

The Court: A 22 Long Pistol?

Defendant: Revolver.' "

"As can be seen from the above testimony from the transcript, the essential elements, that is attempting to kill or cause serious physical injury by shooting with a deadly weapon, were discussed with the Movant. This Court knows of no other way to determine if a plea is voluntary and if the essential elements were explained except to ask a defendant if he did in fact commit those acts. This was done in this case and the Movant not only admitted to the essential elements but, in fact, described the caliber of the gun used in the shooting. To now say that he sought to slow the trooper down rather than to injure him borders on the ridiculous and the Court, therefore, finds no merit whatsoever in the Motion to Vacate and it is, therefore, hereby overruled."

■ Once a guilty plea is entered, effectiveness of counsel is material only to the extent that it affects whether the plea is voluntarily and knowingly made. *Jett v. State*, 607 S.W.2d 173 (Mo.App.1980).

■ In light of the evidentiary hearing transcript and the guilty plea proceeding transcript, the findings, conclusions and order denying movant postconviction relief are not clearly erroneous.

The judgment is affirmed.

All concur.