**Eddie Lee CHILDS, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 43709.

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 27, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 20, 1981.

Kenneth R. Singer, St. Louis, for movant-appellant.

John Ashcroft, Atty. Gen., Brian P. Seltzer, Kristie Green, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

DOWD, Judge.

Eddie Lee Childs (movant) appeals from the denial of a Rule 27.26 motion after an evidentiary hearing. We affirm.

Movant pleaded guilty to two counts of kidnapping for which he received sentences of 10 years on each count, three counts of rape for which he was sentenced to 75 years, one count of sodomy for which he was sentenced to 25 years and two counts of first degree robbery for which 10 year sentences were imposed. All sentences were ordered served concurrently.

Movant contends he was denied effective assistance of counsel because his attorney failed to confer with him and to investigate the facts, that she refused to interview alibi witnesses, and that she coerced movant's guilty pleas by false statements.

■ However, when a movant pleads guilty a determination of the effectiveness of his counsel's assistance is immaterial ex-

cept as it bears on the question of whether movant's plea was entered voluntarily. *Rice v. State*, 585 S.W.2d 488, 493 (Mo. banc 1979); *James v. State*, 571 S.W.2d 127 (Mo. App.1978).

Movant's attorney testified she met with movant approximately four or five times. At these meetings she and movant discussed whether he should go to trial or plead guilty. They also reviewed questions which the trial judge would ask movant at the plea hearing. Counsel further testified that she never told movant how to specifically answer any questions asked by the court, nor did she instruct him to lie to the court.

At the hearing on the plea the judge questioned movant extensively. The judge asked him whether he had received promises of any kind, whether he had been instructed to lie to the court, whether he understood his rights and that he was waiving them, and whether he wished to change his pleas.

■ The record clearly indicates movant's pleas were voluntarily and knowingly made. His claim of ineffective assistance of counsel is, therefore, without merit. *Roebuck v. State*, 607 S.W.2d 872, 873 (Mo. App.1980).

In any event, movant's allegation that his attorney failed to interview alibi witnesses is groundless. Counsel testified she met with all alibi witnesses named by movant. This testimony is in accord with the testimony of the alibi witnesses at the evidentiary hearing.

■ Counsel's decision not to call a witness because that witness would not be helpful to movant's position is a matter of trial strategy and is no basis for a claim of ineffective assistance of counsel. *Eldridge v. State*, 592 S.W.2d 738, 741 (Mo. banc 1979).

Judgment affirmed.

CRIST, P. J., and REINHARD and SNYDER, JJ., concur.