**In re MARRIAGE OF Ellick Ellsworth BURTON and Betty Dean Burton.**

**Ellick Ellsworth Burton, Petitioner-Appellant,**

**and**

**Betty Dean Burton, Respondent.**

**No. 12692.**

Missouri Court of Appeals,
Southern District,
Division Three.

Dec. 13, 1982.

Yewell G. Lawrence, Jr., Dexter, for petitioner-appellant.

**Stephen Anthony OATSVALL, Movant-Appellant,**

**v.**

**STATE of Missouri, Respondent.**

**No. 12666.**

Missouri Court of Appeals,
Southern District,
Division Three.

Dec. 13, 1982.

Sandra A. Mears, Caruthersville, for movant-appellant.

John D. Ashcroft, Atty. Gen., John M. Morris, III, Asst. Atty. Gen., Jefferson City, for respondent.

GREENE, Chief Judge.

The facts of this case are that on August 15, 1977, Stephen Anthony Oatsvall broke into Crow's Grocery in Caruthersville, Missouri, during the nighttime hours, by cutting a hole through the roof and entering the building. He then waited for Robert Wyatt, a store employee, to arrive and open the store. Wyatt entered the store, and while walking down an aisle toward the storage room, was struck on the back of the head with a board wielded by Oatsvall. The blow knocked Wyatt unconscious. When he regained his senses, Wyatt walked toward the back of the store where he met Oatsvall, who was armed with a .22 caliber

pistol he had found in the store. Oatsvall forced Wyatt to enter a meat locker and locked the door. He later returned, and demanded the keys to the store. Wyatt gave him the keys, which were the property of Crow's grocery. Oatsvall again locked Wyatt in the meat locker, but later returned and shot Wyatt in the head. One or two other shots were fired at Wyatt. About that time, a meat delivery truck arrived at the premises. Taking the keys and pistol with him, Oatsvall fled the scene. After being charged and placed in custody for the crimes in question, Oatsvall broke jail and escaped, but turned himself in the next morning. Wyatt recovered from his wounds.

On April 3, 1978, Oatsvall entered pleas of guilty in the Circuit Court of Pemiscot County to charges of burglary, assault with intent to kill, robbery in the first degree, and breaking jail and escaping before conviction. He received sentences of two years for burglary, five years for robbery, two years for the escape, and life imprisonment for the assault, with all sentences to run concurrently.

Two years later, Oatsvall filed a pro se motion to vacate the judgments and sentences assessed by the trial court on his four guilty pleas. He alleged that his pleas of guilty were not knowingly, intelligently and voluntarily made because his trial attorney 1) failed to conduct an appropriate pre-trial investigation, 2) failed to challenge a psychiatric report made by doctors at the Fulton State Hospital on the issues of a) Oatsvall's competency to stand trial, and b) whether Oatsvall was suffering from a mental disease or defect excluding responsibility at the time of the crimes, and 3) misled Oatsvall by telling him that if he did not plead guilty, he could receive a life imprisonment term, plus 50 years, and if he did plead guilty, he would only serve seven years.

Counsel was appointed for Oatsvall, and an evidentiary hearing was requested and granted. At the hearing, Oatsvall stated that he did not wish to amend his motion. The only witnesses were Oatsvall and his trial counsel. Oatsvall testified that if his trial counsel had deposed the witnesses listed on the information, he could not say that knowledge gleaned from the depositions would have benefitted him; that if the psychiatric report had been challenged, and another report obtained, he was not sure what bearing it would have had on the case, and if he had known that he would not be up for parole, and "may be out on parole in seven years", that he would not have pleaded guilty, but would have taken his chances on a trial. He testified that his trial lawyer told him that if he entered the guilty pleas, that he would be eligible for parole and could be paroled after serving seven years and that such statement was not true. Oatsvall admitted that he had already received three parole hearings in less than three years. He identified the transcripts of the guilty plea proceedings and stated that the questions and answers shown there were correct.

His trial attorney testified that the pleas Oatsvall had entered were in response to a plea bargain agreement in which the prosecutor offered Oatsvall two years on the burglary charge, five years on the robbery charge, Oatsvall's choice of a life sentence or 50 years on the assault with intent to kill charge, two years on the escape charge, and, in return for Oatsvall's guilty pleas on these charges, the prosecutor would dismiss charges of assault on a police officer and exhibiting a deadly weapon that were pending against Oatsvall; that he had thoroughly explained the agreement to his client; that at no time did he tell Oatsvall that if he stood trial he would receive a life sentence, plus 50 years, and that he had recommended that Oatsvall plead guilty to the charges based on the plea bargain agreement as, based on the evidence, Oatsvall was in danger of a "far longer cumulative total of sentences if he went to trial on these charges." He also testified that he told his client that if he pleaded guilty, he could expect to serve at least seven years' time, and that the average time people serve who receive life sentences was 12 to 13 years. He testified that he had requested the mental examination of his client;

that he had read the report and discussed it with his client, and that he saw no reason to challenge its findings that Oatsvall was mentally competent, or to secure a second opinion.

Based on the foregoing testimony and the transcripts of the guilty pleas, the trial court, on January 30, 1982, made findings of fact and conclusions of law, and entered judgment denying the motion to vacate. On March 1, 1982, Oatsvall filed a pro se motion to vacate and to amend his prior motion, by interlineation. In this pleading, Oatsvall contended that he had been subjected to double jeopardy by being required to plead guilty to charges of burglary, robbery, and assault, as all of these offenses arose from the same incident or transaction. The motion was denied by the trial court and this appeal followed.

Our review is limited to a determination of whether the findings, conclusions and judgment of the trial court are clearly erroneous. Rule 27.26(j);[1] *Crosswhite v. State*, 426 S.W.2d 67, 70–71 (Mo.1968); *Wilson v. State*, 587 S.W.2d 343, 345 (Mo.App.1979).

■ Oatsvall's first two contentions on appeal are that his guilty pleas were involuntary because 1) he was misled by his trial attorney who told him that if he stood trial, he would probably get a longer sentence than life plus nine years to run concurrently, and if he pleaded guilty, he would be eligible for parole in seven years, and 2) that his trial counsel was ineffective because he a) failed to depose any witnesses or interview the alleged victim, b) failed to secure a second psychiatric examination, and, c) failed to properly investigate the case and advise Oatsvall of his available options.

On these two issues, the trial court's findings and conclusions were:

"Counsel did not induce Movant to plead guilty and did not tell him he would or could get life plus 50 years without possibility of parole if he had a jury trial and did not tell him he would serve only 7 years if he pleaded guilty. Movant is

found not worthy of belief and is not believed on these issues.... Counsel's decision not to pursue the matter of mental fitness and responsibility was a decision of trial strategy and does not demonstrate ineffectiveness of counsel.... There was no ineffective assistance of counsel of Movant in the Trial Court. Counsel did conduct adequate pretrial investigation both factual and legal. Counsel did interview State's witnesses adequately but did not depose any witnesses. Not deposing witnesses is a matter of trial strategy and did not in this case demonstrate ineffectiveness of counsel. Counsel did devote adequate amounts of time and preparation in this case and the fact that he was Public Defender and representing other defendants did not affect or prejudice Movant.... Counsel was an experienced trial lawyer in criminal matters and fully and competently represented Movant."

Those findings and conclusions are supported by the record and are not clearly erroneous.

■ Oatsvall's third claim of error is that the trial court erred in refusing to vacate the guilty pleas and sentences because 1) the pleas were equivocal, 2) the trial court did not require Oatsvall to admit any of the factual circumstances that would lay the foundation for a guilty plea, and 3) did not advise Oatsvall concerning the elements of the charges to which he pleaded guilty and, therefore, his guilty pleas were involuntary. On this issue, the trial court found:

"Movant's pleas of guilty were voluntary and were made with understanding of the charges against him. Movant was advised in detail by the Trial Court of the nature of the charges against him and ascertained that he understood. The evidence shows that he understood the charges. There is no evidence that the pleas were not voluntary or were the product of threats, duress or promises...."

1. All references to rules are to Missouri Rules of Court, V.A.M.R.

A review of the record establishes conclusively that those findings are not clearly erroneous.

During the course of the guilty plea proceedings, the trial court made inquiry into Oatsvall's understanding of the charges and the effect of his contemplated pleas. The formal charges were recited and Oatsvall indicated that he understood what the charges were, and what possible sentence he could receive on each. The details of the crimes were recited in open court by the prosecuting attorney, and Oatsvall was given the opportunity to correct any claimed error in the recitals. The transcribed guilty plea proceedings are twenty-four pages long and indicate a thorough and competent inquiry by the trial court to determine whether Oatsvall's contemplated pleas were voluntary, and knowingly and intelligently made. The trial court found they were. We agree.

Oatsvall's final claim is that the sentences imposed on him on the burglary, robbery, and assault charges constitute double jeopardy in violation of the Fifth and Fourteenth Amendments to the United States Constitution in that 1) assault is a lesser included offense of robbery, and 2) the charges of burglary and robbery arose from the same incident and transaction.

■ This issue was not raised in Oatsvall's original 27.26 motion, and was not addressed at the evidentiary hearing. Rule 27.26(c) requires that a motion to vacate include every ground known to the prisoner for vacating, setting aside, or correcting his conviction and sentence. Rule 27.26(d) prohibits the trial court from entertaining successive motions where a claimed new ground could have been raised in the original motion. The burden is on movant to establish that the new ground could not have been raised in the prior motion. *Bufalo v. State,* 614 S.W.2d 29, 31 (Mo.App. 1981); *Blaine v. State,* 603 S.W.2d 109, 111 (Mo.App.1980). The double jeopardy claim was raised for the first time in Oatsvall's pro se after judgment motion to vacate and to amend, by interlineation, his 27.26 motion, on which a ruling had already been made. This motion did not contain any factual allegation that the matter could not have been raised in the original motion and presented at the evidentiary hearing, and was properly denied by the trial court. A new ground for relief cannot be raised for the first time on appeal. *Lane v. State,* 611 S.W.2d 44, 46 (Mo.App.1981).

■ Even if we were to consider Oatsvall's double jeopardy claim, under the plain error doctrine, Oatsvall is not entitled to relief on that ground. The offenses of assault and robbery to which Oatsvall pleaded guilty each contain a fact that the other does not—a taking of property from Robert Wyatt by means of force and violence in the charge of robbery, and personal injury to Wyatt after the robbery was completed when Oatsvall shot him in the head. There were at least two acts of force in this case, only one of which was an element of the robbery. In such situations, convictions on both crimes do not constitute double jeopardy. *State v. Richardson,* 460 S.W.2d 537, 540 (Mo. banc 1970). See also *State v. Sprous,* 639 S.W.2d 576, 578 (Mo.1982) and *State v. Ross,* 523 S.W.2d 841, 844 (Mo.App. 1975).

■ Oatsvall cites no authority for his contention that "[t]here is a question as to double jeopardy also between the burglary and robbery charge" as both crimes arose out of the same transaction and involved an intent to steal. Robbery, as charged here, includes the element of taking property by force. Burglary, as charged here, includes an element of breaking and entering with intent to steal. Each of those elements is unique to that particular crime and, therefore, neither could be a lesser included offense of the other. We find no double jeopardy in this case.

A full review of the record does not indicate error in any action or ruling of the trial court. The judgment is affirmed.

FLANIGAN, MAUS and PREWITT, JJ., concur.