Jerry L. GINGERICH,
Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 14203.

Missouri Court of Appeals,
Southern District,
Division One.

Nov. 26, 1985.

Lew Kollias, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

TITUS, Presiding Judge.

On July 6, 1982, Jerry L. Gingerich, movant, appeared before the trial court and entered pleas of guilty to three counts. Counts I and II were for robbery in the first degree, § 569.020,[1] and Count III was for robbery in the second degree. § 569.-030. The trial court accepted the guilty pleas and, in accordance with the plea bargain, sentenced movant to 20 years each on Counts I and II and 5 years on Count III, with all sentences to run concurrently.

Movant filed a pro se 27.26 motion on November 8, 1983, alleging several grounds for postconviction relief. On December 19, 1984, an amended petition for postconviction relief was filed. An evidentiary hearing was held January 21, 1985, following which the motion court made findings of fact and conclusions of law, and entered its judgment denying the motion. This appeal followed.

Our review is limited to a determination of whether the motion court's findings, conclusions, and judgment are clearly erroneous, Rule 27.26(j), keeping in mind that movant had the burden of establishing by a preponderance of the evidence his grounds for relief. Rule 27.26(f). In addition, we note that when movant entered his guilty pleas he waived all claims of error except to the extent such errors affected the voluntariness and understanding with which the pleas were made. *Shelley v. State,* 655 S.W.2d 126, 127[1] (Mo.App.1983).

Movant contends the motion court erred in finding that his counsel provided effective assistance of counsel because his counsel "failed to investigate the facts of the case, interview defense witnesses, or prepare a defense for defendant and movant was forced to plead guilty due to the fear of facing trial with ill-prepared counsel."

1. Unless otherwise stated all references to statutes are to RSMo 1978, and all references to rules are to Missouri Rules of Court, V.A.M.R.

The transcript of the guilty plea proceedings fails to support these contentions.

At the time of the guilty pleas, movant was 35 years of age and had 13 years of formal schooling. He was asked whether he was "satisfied with [his attorney's] services and the services of the Public Defenders' Office up to this point?"; "Are they in any way forcing you to enter these pleas this morning?"; "Has Mr. Parrish or the Public Defenders' Office refused to do anything that you felt they should do concerning these cases?"; "Have they done something concerning this case that you felt they should not do and didn't want them to do?"; "Jerry, do you understand that no one can force you to enter this plea of guilty this morning?" In response to these questions and others movant failed to mention any action or inaction by his attorneys which made him feel he had no other choice than to plead guilty. His attorney stated that he had talked with movant about the possibility of using voluntary intoxication as a mitigating factor and had advised against it. Movant failed to deny this allegation at the guilty plea proceedings and did not volunteer any information regarding pressure being placed upon him to abandon any defenses against his wishes. Also, at his motion hearing movant agreed that his attorney had informed him of his right to go to trial and assert the defenses of mental disease or defect and voluntary intoxication though his attorney advised against it.

Defendant, at his hearing, stated he was in an "alcoholic fog" during the guilty plea proceedings. However, he was arrested April 30, 1982, and his hearing was not until July 6, 1982, a period of over 60 days. He testified that he had not consumed any alcohol during that period. He, in addition, stated that what he had told the judge during the guilty plea hearing was the truth.

The motion court found that movant's "pleas of guilty were not involuntary and unintelligent as a result of ineffective assistance of counsel," and denied his claim that his trial counsel was ineffective. We cannot say his findings and conclusions are unsupported and clearly erroneous after reviewing the record. Therefore, movant's point is denied.

Albeit oral argument has been requested by movant, our foregoing efforts attest a determination that oral argument will not be beneficial. Consequently, such request is denied and the cause has been determined as if submitted on briefs. Missouri Court of Appeals—Southern District Special Rule 1(e).

Judgment affirmed.

FLANIGAN and GREENE, JJ., concur.