**Willie J. McKINNEY, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 13953.**

Missouri Court of Appeals,
Southern District,
Division Three.

Dec. 3, 1985.

Motion for Rehearing Or Transfer
Denied Dec. 24, 1985.

Application to Transfer Denied
Feb. 18, 1986.

Mark V. Clark, Columbia, for appellant.

William L. Webster, Atty. Gen., Thomas Carter, II, Asst. Atty. Gen., Jefferson City, for respondent.

CROW, Presiding Judge.

Willie J. McKinney ("movant") appeals from an order denying him relief, without an evidentiary hearing, in a proceeding under Rule 27.26, Missouri Rules of Criminal Procedure (15th ed. 1984). In that proceeding, movant sought an order vacating his conviction of robbery in the first degree, § 569.020,[1] and assault in the first degree, § 565.050, for which he received concurrent 10-year sentences. The conviction resulted from pleas of guilty to both crimes, charged as separate counts in a single information.

Movant initiated the 27.26 proceeding by filing a motion to vacate without the assistance of counsel. We hereafter refer to that pleading as "the pro se motion." Later, with the assistance of the regional

---

1. References beginning with "§ " are to RSMo 1978 unless otherwise indicated.

public defender, movant filed an amended motion which incorporated by reference all allegations of the pro se motion and, in addition, contained sundry new allegations. This pleading is hereafter referred to as "the amended motion."

The judge who entered the order from which movant appeals is hereafter referred to as "the motion court," and is a different judge than the one who accepted movant's pleas of guilty and assessed the sentences, hereafter referred to as "the plea court." The attorney who represents movant on this appeal is hereafter referred to as "appellate counsel," and is a different attorney than the one who represented movant in the plea court, hereafter referred to as "defense counsel."

In a brief prepared by appellate counsel, movant presents three assignments of error. In a "supplemental brief," filed by appellate counsel at movant's insistence, movant presents a "pro se point."

We deal first with the assignments of error in appellate counsel's brief. The first such assignment is:

"The [motion] court was clearly erroneous in summarily denying [movant's] request for an evidentiary hearing because [movant] pleaded adequate factual allegations showing the guilty plea was involuntary and he was therefore entitled to an evidentiary hearing to fully evaluate the scope and understanding of [movant's] knowledge of the proceedings at the time the plea was entered because [defense counsel] did not attempt to contact and interview potential defense witnesses, which prejudiced [movant] in that [movant] was denied the testimony of witnesses who would have established an alibi defense for [movant] through the testimony of Mrs. Freda McKinney, and thus established that [defense counsel] provided ineffective assistance of counsel in having failed to adequately contact and present at trial these potentially helpful witnesses."

The point, as written, is difficult to comprehend. It attacks defense counsel for failing to interview and "present at trial"

certain witnesses "who would have established an alibi defense" for movant. In fact, as recounted earlier, there was no trial; movant pleaded guilty to both offenses.

From the argument portion of the brief, it appears that what movant is really attempting to say is that because defense counsel failed to contact and interview potential alibi witnesses, movant realized there was no chance for an acquittal if he stood trial, therefore he pleaded guilty because he had no other choice. Assuming this is the import of movant's first point, we shall examine it for merit.

■ Because movant's conviction resulted from pleas of guilty, determination of the adequacy of his representation by defense counsel is immaterial unless defense counsel was incompetent in such a manner as to affect the voluntariness and understanding of the pleas. *Matthews v. State*, 501 S.W.2d 44, 47[7] (Mo.1973); *Barylski v. State*, 473 S.W.2d 399, 402 (Mo.1971); *Childs v. State*, 625 S.W.2d 195–96[1] (Mo. App.1981); *Avilla v. State*, 624 S.W.2d 189, 190[1] (Mo.App.1981). To be entitled to an evidentiary hearing, a prisoner seeking relief in a proceeding under Rule 27.26 must plead facts, not conclusions, which, if true, would entitle him to relief, and he must show that such factual allegations are not refuted by facts elicited at the guilty plea hearing. *Smith v. State*, 513 S.W.2d 407, 411 (Mo. banc 1974), *cert. denied*, 420 U.S. 911, 95 S.Ct. 832, 42 L.Ed.2d 841 (1975); *Greenhaw v. State*, 627 S.W.2d 103, 104[1] (Mo.App.1982).

■ Applying the above rules, we find no merit in the first point. Although movant contends on appeal (as we understand it) that defense counsel's failure to interview "potential defense witnesses" caused him to plead guilty, neither the pro se motion nor the amended motion pleads that movant's decision to enter the pleas of guilty was motivated in any degree by the alleged inaction of defense counsel. That is, there is no allegation in either motion that the ascribed dereliction of defense

counsel in failing to contact potential witnesses had any bearing on movant's decision to plead guilty.

Moreover, such a theory is refuted by the transcript of the guilty plea proceeding, which reveals that movant's motivation to plead guilty was a plea agreement under which the prosecuting attorney recommended a sentence of 10 years' imprisonment for each offense. Movant acknowledged in the plea court that he was aware that the prosecuting attorney would make that recommendation. Additionally, questioning of movant by the plea court produced this colloquy:

"Q. You have been represented in this case by [defense counsel], are you satisfied with his services?

A. Yes, sir.

Q. Do you have any complaints of any kind?

A. No, sir."

Movant's answers were given under oath, movant having been sworn to tell the truth at the outset of the guilty plea proceeding.

If movant had indeed believed, at the time he entered his pleas, that defense counsel had been derelict, and if movant, at that time, had felt compelled to enter the pleas because of defense counsel's dereliction, movant had full opportunity to make his feelings known to the plea court. Movant's sworn testimony in the plea court that he had no complaint about the services of defense counsel refutes movant's contention here that he pleaded guilty because defense counsel failed to interview possible witnesses.

Furthermore, the transcript of the guilty plea proceeding shows that not only was there an agreement regarding the sentences the prosecuting attorney would recommend, but that another case against movant, in which he was charged with "stealing vehicle tires," was dismissed by the prosecuting attorney after movant's pleas of guilty were accepted.

Thus, in addition to the absence of an allegation in the pro se motion or the amended motion of a causal connection between defense counsel's alleged failure to interview potential witnesses and movant's decision to plead guilty, there is an affirmative showing in the transcript of the guilty plea proceeding that movant's decision to plead guilty was prompted by a plea bargain, not by any belief on his part that his sole option was to plead guilty because of neglect by defense counsel.

The first point is denied.

The second assignment of error in appellate counsel's brief is:

"The [motion] court was clearly erroneous in summarily denying [movant's] post-conviction motion to set aside the guilty pleas without an evidentiary hearing because [movant] made adequate factual allegations showing the plea was involuntarily rendered and he was entitled to a hearing to fully evaluate the scope of [his] knowledge and understanding of the proceedings at the time the plea was entered in that [movant] alleged [defense counsel] told him he would get thirty or more years if he had a jury trial instead of pleading guilty, [defense counsel] forced [movant] to lie concerning admitting to the court [movant] had committed each act, [movant] did not know or understand the punishment range for the two charges when he entered his plea of guilty, and [defense counsel] told him he may be released after serving a six month prison term, all of which prejudiced [movant] as he made an involuntary and unknowing guilty plea due to ineffective assistance of counsel instead of having a jury trial which might have gained him an acquittal."

■ With respect to movant's contention that defense counsel told him he would get 30 or more years if he had a jury trial, we note that the range of punishment for each crime, a class A felony, was "a term of years not less than ten years and not to exceed thirty years, or life imprisonment." § 558.011.1(1), RSMo Cum.Supp.1983. Consequently, had movant elected to stand trial instead of pleading guilty under the

plea agreement, he would have faced the possibility of receiving as much as two terms of life imprisonment if found guilty.

Even so, the transcript of the guilty plea proceeding belies movant's claim that defense counsel threatened him that he would get 30 or more years if he had a jury trial. The transcript contains this dialogue between movant and the plea court:

"Q. If you tell me you are guilty I will assess your punishment; whereas, *if you tell me you are not guilty and you are tried by a jury, the jury would assess your punishment.* Do you understand that? (Emphasis added).

A. Yes, sir.

Q. Has anyone mistreated you, *threatened you* or promised to reward you in order to get you to say that you are guilty? (Emphasis added).

A. No, sir.

.    .    .    .    .

Q. Are you now pleading guilty because in fact you are guilty *and for no other reason*? (Emphasis added).

A. Yes, sir."

The above excerpts conclusively refute movant's contention that his pleas of guilty were entered because of a threat by defense counsel that movant would get 30 years or more if he stood trial. The plea court clearly explained to movant that if he were found guilty by a jury, the jury would assess the punishment. The plea court also stated, at a later stage of the proceeding, that both offenses were class A felonies and that 10 years' imprisonment was the minimum sentence authorized for each. It was thus made plain to movant that if he were found guilty by a jury, he could receive as few as 10 years' imprisonment on each charge.

The last-quoted colloquy likewise refutes movant's claim that defense counsel "forced" movant to lie in admitting his guilt, as movant solemnly told the plea court under oath that he was pleading guilty because he was in fact guilty and for no other reason.

Regarding movant's assertion that he neither knew nor understood the punishment range for the two crimes, the transcript of the guilty plea proceeding contains this:

"Q. Has [defense counsel] explained to you what these charges mean and what the minimum and the maximum punishment for each of them is?

A. Yes, sir.

Q. Do you understand that the sentences may either be run concurrently or consecutively in these type charges?

A. Yes, sir.

Q. To run them consecutively means one will follow the other, do you understand that?

A. Yes, sir."

Additionally, as heretofore noted, the plea court announced that the minimum sentence authorized for each offense was 10 years' imprisonment.

■ We hold that movant's conclusionary allegation that he did not know or understand the punishment range when he pleaded guilty is refuted by his acknowledgement to the plea court that defense counsel had explained the minimum and maximum punishment for each offense, and by the plea court's statement that 10 years' imprisonment (which is what movant received) was the least punishment he could receive for each offense.

Movant's allegation that defense counsel said he (movant) might be released from prison after serving 6 months is likewise refuted by the transcript of the guilty plea proceeding. It is clear that movant, at the time he entered his pleas of guilty, understood that the plea agreement was for a 10-year sentence on each count, and that sentences of that length, running concurrently, were the lightest ones the plea court was authorized to assess.

The second point is denied.

The final assignment of error in appellate counsel's brief is:

"The [motion] court was clearly erroneous in summarily denying [movant's] post-conviction motion to set aside the

guilty pleas without an evidentiary hearing because [movant] alleged adequate facts showing the guilty pleas to first-degree assault and first-degree robbery violated double jeopardy in that there was only one blow from a board and the taking of property took place after the blow which prejudiced [movant] by denying him his constitutional right to be free from double jeopardy."

This assignment of error is based on "GROUND IV" of the pro se motion and paragraph 3 of the amended motion. We have carefully studied both, and we find no allegation of any *facts* demonstrating that movant committed only one crime. The most that can be said for either pleading is that it alleges, in abstract terms, that assault in the first degree is "a lesser included offense" of robbery in the first degree.

In support of that assertion, movant cites *State v. Bigham,* 628 S.W.2d 681 (Mo.App. 1982). There, the accused was convicted by a jury of robbery in the first degree. The opinion held that because the accused presented evidence which, if believed by the jury, would have supported a finding that the accused committed assault and not robbery, the trial court erred in refusing to instruct the jury on second degree assault and third degree assault. That holding, while indubitably correct in the factual context of that case, supplies no basis for reversal on the record here.

*State v. Leigh,* 662 S.W.2d 568, 570 (Mo. App.1983), also cited by movant, explains that whether prosecution for robbery in the first degree and assault in the first degree place an accused twice in jeopardy turns on the particular facts of the case. *Leigh* acknowledges the general rule quoted in *State v. Richardson,* 460 S.W.2d 537, 540 (Mo. banc 1970): "[I]f there is but a single act of force proved as an essential element of the crime of robbery, then such act of force cannot be availed of as constituting the separate crime of assault, but the rule is otherwise where the existence of the distinct elements as realities is established, as where the force relied on to establish

assault occurred after the robbery had been accomplished."

■ A conviction of both assault with intent to kill and robbery in the first degree arising from one episode was upheld in *Oatsvall v. State,* 643 S.W.2d 634 (Mo.App. 1982), where this Court noted that each offense contained a fact that the other did not—a taking of property from the victim by means of force and violence in the robbery, and personal injury to the victim when the accused shot the victim in the head *after the robbery had been completed. Id.* at 638. There were at least two acts of force, only one of which was an element of the robbery. Consequently, conviction of both crimes did not constitute double jeopardy. *Id.*

A similar result was reached in *State v. Ross,* 523 S.W.2d 841 (Mo.App.1975), where the accused and his accomplice first pistol-whipped the victim and, by that act of force, took his billfold, then later, as the victim lay unconscious on the floor, shot him with the pistol. *Id.* at 844[2]. A judgment convicting the accused of both assault with intent to kill with malice aforethought and armed robbery was affirmed.

The information to which movant entered the pleas of guilty has not been furnished us, and no facts are pleaded in the pro se motion or the amended motion showing that the act of violence that constituted an element of the robbery was the act of violence on which the assault count was predicated. As movant failed to plead facts which, if true, would entitle him to relief, the motion court did not err in denying movant's "double jeopardy" claim without an evidentiary hearing.

The third point is denied.

Movant's "pro se point" asserts the motion court erred in denying relief without an evidentiary hearing because movant "alleges he was held for 53½ hours in violation of Rule 21.10, V.A.M.R.," which prejudiced him.

No such contention appears in either the pro se motion or the amended motion. Consequently, it may not be considered on

appeal. *Anderson v. State*, 647 S.W.2d 883, 884[1] (Mo.App.1983); *Barber v. State*, 639 S.W.2d 180, 181[2] (Mo.App.1982).

The order of the motion court denying relief is affirmed.

PREWITT, C.J., and FLANIGAN and MAUS, JJ., concur.