**Allen D. POTTS, Movant-Appellant,**

v.

**STATE of Missouri,
Defendant-Respondent.**

**No. 14224.**

Missouri Court of Appeals,
Southern District,
Division Two.

Feb. 19, 1986.

Kandice Johnson, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., Carrie Francke, Asst. Atty. Gen., Jefferson City, for defendant-respondent.

MAUS, Judge.

The movant was charged with forcible rape in violation of § 566.030.1, RSMo

Cum.Supp.1984. As a result of a plea bargain, he entered a plea of guilty and was sentenced to imprisonment for 10 years. He filed a motion under Rule 27.26 to set aside that plea and sentence. He now appeals from the denial of that motion without an evidentiary hearing.

The movant's pro se motion was amended and supplemented by appointed counsel. The motion court held a hearing to determine if the movant was entitled to an evidentiary hearing upon that amended and supplemented motion. Following that hearing, by its judgment, the motion court made detailed findings and concluded an evidentiary hearing was not required. It denied the motion. The allegations of the motion will be noted only as necessary to consider movant's sole point of error.

That point of error is that the trial court erred because the motion, as amended and supplemented, alleged

> that counsel for appellant did nothing more than plea bargain on behalf of the appellant, that counsel for the state and counsel for appellant tricked appellant into entry of a plea of guilty, and that counsel had coerced, tricked and threatened appellant into entry of a guilty plea due to threats of additional charges being filed against appellant in the absence of a plea of guilty, which allegations were not refuted by the records and files of the case....

To be entitled to an evidentiary hearing, (1) the movant must allege facts, not conclusions, warranting relief; (2) those facts must not be conclusively refuted by the files and records of the case; and (3) the matters complained of must have resulted in prejudice. *Merritt v. State*, 650 S.W.2d 21 (Mo.App.1983). The legal file includes a transcript of the guilty plea proceedings, a memorandum of plea bargain and a petition to enter a plea of guilty. At the plea proceedings, the movant acknowledged that he had thoroughly read the petition he signed and was familiar with the terms of the plea and the memorandum of plea bargain and agreed with the same.

To support his point, the movant cites the following allegations of his motion:

1. Counsel for appellant induced appellant's plea of guilty through fraud and misrepresentations.

2. Appellant was without knowledge or experience with regard to the criminal justice system.

3. Appellant's counsel and the counsel for the state tricked appellant and induced his plea of guilty.

4. Appellant's counsel did nothing for him except plea bargain on behalf of appellant.

5. Appellant was tricked and threatened into telling the court he was guilty, due to fear because counsel threatened that he would have to face two additional felony charges if he did not.

Extensive citation of authority is not required to establish the first four allegations are conclusions. *Williams v. State*, 650 S.W.2d 17 (Mo.App.1983).

It may be conceded the fifth allegation is one of fact. However, the transcript establishes the plea court exercised exceptional skill and thoroughness to determine if the movant's plea was voluntary. The fact the movant entered into the plea agreement because the state agreed not to file additional charges does not establish the type of fear that will vitiate the resulting plea of guilty. *Phelps v. State*, 683 S.W.2d 665 (Mo.App.1985). The transcript, memorandum and petition establish the movant thoroughly understood and agreed to the plea bargain. Each of those documents conclusively refutes the allegation that he pled guilty because of threats. *Chastain v. State*, 692 S.W.2d 4 (Mo.App. 1985). Perhaps that refutation is best shown by the following question by the plea court and answer of the defendant.

Q. If I understand correctly, no one is forcing you to plead guilty.

A. No. This is of my own free will cause I am guilty.

The judgment of the motion court is supported by the record and is affirmed.

PREWITT, C.J., HOGAN, P.J., and CROW, J. concur.