Charles CHATMAN, Appellant,

v.

STATE of Missouri, Respondent.

No. 50146.

Missouri Court of Appeals,
Eastern District,
Division One.

April 22, 1986.

Motion for Rehearing and/or Transfer
Denied May 20, 1986.

Application to Transfer Denied
June 17, 1986.

David C. Hemingway, St. Louis, for appellant.

John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

SMITH, Judge.

Movant appeals from the action of the trial court granting the state's motion to dismiss his Rule 27.26 motion. By that motion movant sought to set aside his robbery conviction and twenty year sentence following his plea of guilty. The state's motion was granted after movant was allowed to present evidence in opposition to the motion to dismiss. We affirm.

The allegations of movant's motion did not on their face entitle movant to an evidentiary hearing. They alleged that counsel was ineffective for failure "to investigate a potential alibi witness ... Ms. Lilla Tucker, 4246 West Evans." There was no allegation of the substance of the witness' testimony, that she would have testified if called, or what effect the alleged failure had upon the voluntariness and understanding of movant's guilty plea. *Franklin v. State*, 655 S.W.2d 561 (Mo. App.1983) [14, 15]; *Merritt v. State*, 650 S.W.2d 21 (Mo.App.1983) [5]. Identification of Ms. Tucker as an alibi witness is refuted by the transcript of the guilty plea proceeding where movant under oath admitted his act of robbing the victim. His claim of ineffectiveness of counsel is also refuted by his testimony at that hearing

that he was satisfied with counsel's efforts on his behalf. The motion was insufficient to entitle movant to an evidentiary hearing.

At the hearing on the motion to dismiss, at which movant alone testified, movant stated only that Ms. Tucker "could" testify to an alibi, not that she "would." He admitted that counsel told him Ms. Tucker had been contacted, and the evidence supports a conclusion that counsel also told him Ms. Tucker could not remember where she was at the time of the crime. Movant did not testify that the witness was not contacted but only that "as far as I know of" she was not contacted. Although his former counsel was present in the courtroom, movant made no effort to call him.

The motion to dismiss was heard at the time set for the evidentiary hearing on movant's motion. The trial court imposed no restrictions on the evidence movant was allowed to present in opposition to the motion to dismiss. While movant contends he was denied an evidentiary hearing on his motion he was afforded a full opportunity to present whatever evidence he desired. *Franklin v. State, supra,* [19].

Judgment affirmed.

CARL R. GAERTNER, P.J., and SNYDER, J., concur.