**Richard H. MEEKS, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 14580.**

Missouri Court of Appeals,
Southern District,
Division One.

Oct. 22, 1986.

---

Andrew C. Bullard, Kennett, for movant-appellant.

William L. Webster, Atty. Gen., Carrie Francke, Asst. Atty. Gen., Jefferson City, for respondent.

GREENE, Presiding Judge.

Richard H. Meeks was charged by information in the Circuit Court of Dunklin County, Missouri, with two counts of sodomy, in violation of 566.060.[1] Each count alleged deviate sexual intercourse with a boy who was less than fourteen years old, by the use of forcible compulsion, and without consent of the boys. After plea bargaining, an amended one-count information was filed, charging Meeks with sodomy, by reason of having deviate sexual intercourse with one of the two boys named in the original information without his consent. The allegation of forcible compulsion was dropped. On March 14, 1984, Meeks entered a guilty plea to the amended charge, and received a sentence of ten years' imprisonment.

After confinement, Meeks moved to vacate his sentence, pursuant to Rule 27.26. The motion, after amendment by counsel, alleged that his guilty plea was not "made voluntarily and understandingly," and that the plea was entered in violation of criminal procedure rules in that he was not given a copy of the amended information before he pled guilty to it, and that the trial court "did not personally inform movant of the matters required by Rule 24.02(b)." The prosecuting attorney moved to dismiss the proceedings for the reason that all claims made by Meeks in his 27.26 proceeding were refuted by the record. The trial court made findings of fact and conclusions of law, and denied the motion without evidentiary hearing. This appeal followed.

In his first point relied on, Meeks contends the trial court erred in dismissing his motion to vacate without an evidentiary

1. Unless otherwise indicated, all references to statutes are to RSMo 1978, V.A.M.S., and all references to rules are to Missouri Rules of Court, V.A.M.R.

hearing "in that movant alleged certain facts which, if true, would entitle him to relief, and those facts were not refuted by the record." The point does not state what facts alleged in the motion to vacate entitled him to relief, or of what relief that would consist.

In his remaining point relied on, Meeks states that because he was not given a copy of the information charging him with sodomy before he entered his guilty plea, his plea "was not intelligently and knowingly made and movant was thereby prejudiced." He does not say how the alleged failure to give him the information before he pled guilty affected the voluntariness of his plea, or how he was prejudiced by not receiving a copy of the information.

█ Both points, as written, fail to inform us "wherein and why" the trial court erred, and are violative of the provisions of Rule 30.06(d). Neither point has been preserved for appellate review.

█ Because of the fact that Meeks received a substantial prison sentence, as the result of his guilty plea, we review, ex gratia, under Rule 30.20 to see if any ruling or action of the motion court in the 27.26 proceeding resulted in manifest injustice, or caused a miscarriage of justice. In such review, we are to uphold the findings, conclusions and judgment of the trial court, unless they are clearly erroneous. Rule 27.26(j); *Neal v. State,* 669 S.W.2d 254, 259 (Mo.App.1984).

█ In order for Meeks to be entitled to an evidentiary hearing, it was necessary that he plead facts, not conclusions, which, if true, entitled him to relief, and he must also show that such factual allegations are not refuted by facts elicited at the guilty plea proceeding. *McKinney v. State,* 702 S.W.2d 890, 892 (Mo.App.1985). In his motion, Meeks claims that he was denied ineffective assistance of counsel in that his lawyer 1) did not advise him of the elements of the crime charged, 2) did not advise him of the relative strengths and weaknesses of the state's case, 3) failed to "thoroughly investigate the facts and cir-

cumstances of movant's case," 4) allowed him to plead guilty "knowing movant did not understand or comprehend," and 5) told Meeks "all he could do for movant was to plead him guilty."

█ The matters raised in these five allegations are conclusions, and not facts that would entitle Meeks to an evidentiary hearing. In addition, once Meeks entered his guilty plea, effectiveness of his trial counsel was not relevant, unless it affected the voluntariness of his plea. *Kline v. State,* 704 S.W.2d 721, 722 (Mo.App.1986).

A review of the guilty plea transcript indicates that in answers to questions directed to him by the trial court, Meeks stated that his attorney had explained the charge to him, and its minimum and maximum punishments, that Meeks had gone over the facts and circumstances of the case with his lawyer, and that he had no complaints of any kind regarding his lawyer's services. Meeks admitted to prior court appearances, understood that one of the charges against him was to be dismissed, and that he was pleading guilty to a reduced charge on the other, and admitted that during the period from December, 1982, through September, 1983, he had deviate sexual intercourse with R.A.W., Jr., who, at that time, was less than 14 years of age, and without consent of the boy.

The guilty plea transcript also indicates that before the plea was entered, Meeks was advised of all of his constitutional rights, including the right of trial by jury, and that Meeks entered the guilty plea to the reduced charge, after a plea bargain agreement, in which he understood he would receive a 10–year sentence on the reduced charge, and that the other charge would be dismissed. Meeks indicated he understood the proceedings, and had no questions concerning them.

█ On the basis of the record, the motion court concluded that Meeks voluntarily, knowingly, and understandingly entered the guilty plea in question, and that his claim of ineffective assistance of counsel was not only immaterial, but was refut-

ed by the record. These conclusions are supported by the record, and are not clearly erroneous.

In regard to his second point relied on, which is that he was not given a copy of the amended information he was pleading guilty to, as is required by Rule 24.01, the record shows that before entering of the plea, the following colloquy occurred between the trial court, prosecuting attorney, defense counsel, and Meeks:

> MR. SOKOLOFF: Your Honor, State would seek leave at this time to file an Amended Information, which would dismiss the second count against this defendant and amend the charge in Count I.
>
> THE COURT: Will this be a lesser included offense?
>
> MR. SOKOLOFF: Yes. The only difference is it omits the use of forcible compulsion.
>
> THE COURT: State files Amended Information. Mr. Nichols, have you seen the Amended Information?
>
> MR. NICHOLS: Yes, Your Honor.
>
> THE COURT: Have you explained to your client that he is no longer charged in two counts, that he is now charged with one crime, that it is a lesser charge than the prior charge?
>
> MR. NICHOLS: Yes, Your Honor.
>
> THE COURT: He appears for the first time after the Amended Information, and therefore for arraignment. Does he desire formal arraignment?
>
> MR. NICHOLS: No, Your Honor, waive formal arraignment.
>
> THE COURT: Are you prepared at this time to plead either guilty or not guilty, and, if so, how do you plead?
>
> MR. NICHOLS: Your Honor, at this time he wishes to plead guilty.
>
> THE COURT: Defendant waives formal arraignment and enters a plea of guilty.
>
> * * * *
>
> Q. (The Court) Do you understand that you are now charged in this Court with only one crime, rather than two, do you understand that?

> A. (Defendant) Yes, sir.
>
> Q. Do you understand that the one charge that is left is the charge of sodomy, but it is a lesser charge of sodomy than the one previously filed, do you understand that?
>
> A. Yes.

This exchange conclusively shows that Meeks waived formal arraignment on the amended charge, and that he understood it. His attorney had seen the amended charge, and had discussed it with his client. The transcript further shows the trial court fully advised Meeks of his right to a jury trial, and the consequences of waiving such a right and pleading guilty. His plea was unequivocal, and he admitted he was guilty.

■ Every "evident purpose" was served by the guilty plea proceeding, and it was conducted with observance of the appropriate rules. *State v. Chambers*, 550 S.W.2d 846, 848 (Mo.App.1977). There is no merit to the contention that procedural deficiencies clouded the guilty plea proceeding.

Where, as here, a defendant makes a tactical decision to plead guilty, with full knowledge of the charge he is pleading guilty to, and the plea is unequivocal, the trial court's determination, which was upheld in the motion court, that the plea was knowingly and understandably made, cannot be said to be clearly erroneous. *Simpson v. State*, 637 S.W.2d 728, 731 (Mo.App. 1982).

The motion court's order denying the motion to vacate without evidentiary hearing was proper, as evidenced by the record, and is affirmed.

CROW, C.J., and TITUS, J., concur.