Brian Webster FRANCKS, Appellant,

v.

STATE of Missouri, Respondent.

No. 50572.

Missouri Court of Appeals,
Eastern District,
Division Two.

Nov. 12, 1986.

Motion for Rehearing and/or Transfer
Denied Dec. 16, 1986.

Application to Transfer Denied
Jan. 13, 1987.

David C. Hemingway, Asst. Public Defender, St. Louis, for apppellant.

William L. Webster, Atty. Gen., Carrie Francke, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Movant appeals from the denial of a Rule 27.26 motion after an evidentiary hearing on the voluntariness of his guilty pleas. We affirm.

Movant, following plea bargaining, entered guilty pleas in two cases. He pled guilty to charges of sodomy, rape and first degree robbery in one; and pled guilty to burglary in the first degree, rape and three counts of sodomy in the other. In consideration for the guilty pleas, several other charges were *nolle prossed* and the sentence package was structured for an aggregate sentence of thirty years.

Movant asserts the Rule 27.26 judgment should be reversed and remanded for specific findings of fact and conclusions of law regarding his trial attorney's ineffectiveness in failing to properly investigate and depose witnesses. In his Rule 27.26 motion, movant made conclusory allegations that his trial attorney failed to depose his victims and adequately investigate his case. He claimed this compelled him to plead guilty rather than risk going to trial.

At the evidentiary hearing, movant testified: (1) He wanted his lawyer to depose the complaining witnesses; (2) his lawyer did not make proper filings in the trial court; (3) his lawyer did not depose alibi witnesses whose names the movant could not remember; (4) his lawyer said he could go to trial and lose or plead guilty; and (5) his attorney gave him the choice of pleading guilty or going to jail forever.

At the evidentiary hearing, movant's trial attorney contradicted movant on each and every fact concerning ineffective assistance of counsel. The guilty plea proceeding transcript indicates movant had effective counsel. The Rule 27.26 court found movant's guilty pleas were knowingly and intelligently entered with full knowledge of the consequences, movant understood his sentences, movant waived his right to confront his accusers, and movant did not state any ground upon which relief could be granted. Movant objects to the adequacy of these findings based on *Fields v. State,* 572 S.W.2d 477, 483 (Mo. banc 1978). *See Leady v. State,* 714 S.W.2d 221 (Mo.App.1986) (not a guilty plea case).

The trial court was remiss in not having better findings of fact and conclusions of law. However, once there is a guilty plea, inadequacy of representation bears only on whether the plea was made voluntarily. *Kline v. State,* 704 S.W.2d 721, 722 (Mo.App.1986). A remand for more complete findings of fact and conclusions of law would be of no benefit to movant because the trial court's findings and conclusions showed the plea was voluntary.

Movant was not even entitled to an evidentiary hearing on ineffective assistance of counsel by reason of his conclusory allegations of failure to investigate and depose. *Chatman v. State,* 710 S.W.2d 448 (Mo.App.1986). Be that as it may, in his evidentiary hearing, movant wholly failed to prove inadequate assistance of his lawyer. Movant did not show how his attorney failed to exercise the customary skill and diligence of a reasonably competent attorney under similar circumstances or how he had been prejudiced by his counsel's actions. *See Callahan v. State,* 712 S.W.2d 25, 27[2] (Mo.App.1986).

Movant did not properly plead or prove ineffective assistance of counsel. The generalized findings in this case are adequate because they are sufficient to enable this court to review movant's contentions. *Seltzer v. State,* 694 S.W.2d 778 (Mo.App.1985). A remand would not benefit this court or movant because the record is sufficient for this court to determine the action of the trial court was correct. *Phelps v. State,* 683 S.W.2d 665 (Mo.App. 1985). Even if the record were not as clear as it is, no further information would be added to the record since there has been an evidentiary hearing. A remand for more specific findings and conclusions would undermine the goal of judicial economy.

Judgment affirmed.

DOWD, P.J., and REINHARD, J., concurs.