David Allen PERSE, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 14920.

Missouri Court of Appeals,
Southern District,
Division Two.

April 28, 1987.

Lew Kollias, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., Jatha B. Sadowski, Asst. Atty. Gen., Jefferson City, for respondent.

MAUS, Judge.

A few days before his scheduled trial, movant entered pleas of guilty to Count I—sale of marijuana; Count II—sale of Diazepam; Count III—receipt of stolen property; and Count IV—receipt of stolen property. He was sentenced to eight years on Count I and five years on each of the other three counts, the sentences to run concurrently. His amended motion under Rule 27.26 attacking those sentences was denied without an evidentiary hearing. Movant appeals.

Movant alleged he was entitled to relief for the following reasons: (1) ineffective assistance of counsel in that his lawyer did not investigate or present his possible defenses, including entrapment, and advised him to plead guilty without having made such investigation; (2) a general charge of ineffective assistance of counsel; and (3) the trial judge was biased and conspired with the prosecuting attorney to deprive movant of his constitutional rights.

The amended motion pleaded that allegations (1) and (2) would be supported by the following facts. His lawyer failed to interview a state's witness, an undercover agent, who repeatedly asked movant to buy drugs and repeatedly denied he was connected with law enforcement officers. His lawyer failed to plea bargain. His lawyer failed to interview a co-defendant who was conspiring with the state to testify against the movant. He pleaded allegation (3) would be established because the judge was aware movant had been entrapped, the co-defendant was conspiring with the state, and movant's lawyer failed to investigate and prepare.

Movant makes two contentions on appeal. One is that the court erred in denying an evidentiary hearing because his motion pled facts not refuted by the record, i.e., that his guilty plea was not knowingly entered due to counsel's inadequate assistance, specifically in failing to investigate and pursue an entrapment defense. That contention must be measured against the following standards. "To be entitled to an evidentiary hearing, (1) the movant must allege facts, not conclusions, warranting

relief; (2) those facts must not be conclusively refuted by the files and records of the case; and (3) the matters complained of must have resulted in prejudice." *Potts v. State,* 705 S.W.2d 626, 627 (Mo.App. 1986). "[W]hen movant entered his guilty pleas he waived all claims of error except to the extent such errors affected the voluntariness and understanding with which the pleas were made." *Gingerich v. State,* 701 S.W.2d 595, 595 (Mo.App.1985).

> Where a plea of guilty has been entered, after showing errors of counsel, movant 'must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty'. *Hill v. Lockhart,* [474] U.S. [52, ——] 106 S.Ct. 366, 370, 88 L.Ed.2d 203, 54 U.S. L.W. 4006, 4008 (1985). '[W]here the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error "prejudiced" the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea.'

*Kline v. State,* 704 S.W.2d 721, 722–723 (Mo.App.1986).

■ Entrapment is a defense only if there is evidence of both government inducement *and* the absence of the defendant's willingness to engage in the proscribed conduct. *State v. Willis,* 662 S.W.2d 252 (Mo. banc 1983). There is a total absence of an allegation that the defendant was not willing to engage in the offenses. The amended motion does not allege facts to establish that an investigation would have developed an entrapment defense or that such a defense was available. *Sinclair v. State,* 708 S.W.2d 333 (Mo.App.1986). There is no allegation of fact to establish a causal connection between the asserted failure to investigate and any recommendation of his lawyer. *McKinney v. State,* 702 S.W.2d 890 (Mo. App.1985). Further, the amended motion pleads that before the movant's plea of guilty he was aware of the purported defense of entrapment and that his lawyer did not interview the undercover agent.

Yet, the plea transcript establishes that his lawyer did not fail to do anything movant thought should be done and that movant was satisfied with his representation. Cf. *Chatman v. State,* 710 S.W.2d 448 (Mo. App.1986); *Potts v. State,* supra; *McKinney v. State,* supra. Within the ambit of the quoted standards, the movant's first contention has no merit.

■ Movant also contends that the cause must be remanded because the motion court did not make specific findings of fact and conclusions of law addressing all issues raised by the amended motion. In making that contention, the movant refers to counsel's failure to investigate the defense of entrapment and the allegations of judicial bias. The first reference has been discussed. The second reference was to an allegation that was a mere conclusion and which raised no issue. The record establishes that the movant entered a voluntary plea of guilty which foreclosed any consideration of such a conclusion. Further, the plea transcript conclusively establishes that the acceptance of the guilty plea and imposition of the sentences was in accordance with the highest judicial standards.

The motion court found that all of movant's allegations were refuted by the transcript of the guilty plea. *Kline v. State,* supra. The entry could have been more detailed. But, that entry was sufficient for this court to review the movant's contentions. *Seltzer v. State,* 694 S.W.2d 778 (Mo.App.1985). The amended motion contained but few allegations of fact as distinguished from conclusions. The records of the court did conclusively refute the movant's factual allegations. The entry was sufficient and a remand would serve no purpose. *Parker v. State,* 614 S.W.2d 776 (Mo.App.1981). The judgment is affirmed.

PREWITT, P.J., and HOGAN and FLANIGAN, JJ., concur.